## Chester County Tax Claim Bureau Appeal.

Argued June 14, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*James E. O'Neill, Jr.,* with him *Susan P. Windle,* and *Rogers & O'Neill,* for appellant.

*David C. Patten,* with him *Fred T. Cadmus, III,* for appellee.

OPINION BY JACOBS, J., September 15, 1966:

The narrow issue raised in this appeal is the adequacy of the mail notice of tax sale given to owners of an unimproved lot of ground sold at tax sale under the provisions of the Real Estate Tax Sale Law of July 7, 1947, P. L. 1368, as amended, 72 P.S. §§5860.101-.803.

George P. and Mamie Kerr were the owners of an unimproved tract of land in East Whiteland Township, Chester County, Pennsylvania. On August 24, 1964 they sold the property to Barchester, Inc. The same property was sold on September 14, 1964 at tax sale by the Tax Claim Bureau for delinquent taxes allegedly owed by the Kerrs. The sale was returned to the court and confirmed nisi on November 2, 1964. On January 4, 1965, Barchester, Inc. filed exceptions to the sale on the ground that the Kerrs were not given notice of the sale as required by law. After a hearing, held September 8, 1965, the court sustained the exceptions, invalidated the sale and ordered another sale unless prior thereto delinquent taxes and all charges and costs were paid in full. The County of Chester has appealed.

At the hearing the exceptant introduced the deposition of George P. Kerr and Mamie Kerr, who were admittedly the owners as defined by the act, in which the Kerrs testified that they never received any mail or other notice that the land was to be sold for taxes on September 14, 1964, and that they had no knowledge that the property had been sold until after the sale. The County Tax Claim Bureau then produced its records. The records showed that on June 19, 1964 a certified letter, No. 6963, was mailed to George P. and Mamie Kerr, 4307 Garfield Lane, Trevose, Pa., notifying them of the proposed sale. The director of the Tax Claim Bureau testified that his record showed that the letter was not received and that the Post Office was requested to make a trace of the letter. A request was made of the Post Office Department for duplicate or

return receipt after mailing for certified letter No. 6963 but no duplicate or return receipt was ever received by the Tax Claim Bureau. A letter from the Superintendent of Mails of the Mount Holly, New Jersey Post Office, which is discussed later in the opinion, was received three and a half months after the sale.

In this appeal Chester County relies on the following provision of Section 602 of the Real Estate Tax Sale Law, 72 P.S. §5860.602:

"No sale shall be defeated and no title to property sold shall be invalidated because of proof that mail notice as herein required was not received by the owner, provided such notice was given as prescribed by this section."

Prior to this provision in Section 602 is the following provision on notice:

"In addition to such publications, similar notice of the sale shall also be given by the bureau, at least ten (10) days before the date of the sale, by United States registered mail, personal addressee only, return receipt requested, postage prepaid, to each owner as defined by this act and by posting on the property."

Since neither the record of the Tax Claim Bureau nor the testimony shows that the certified letter[1] to George P. and Mamie Kerr was sent "personal addressee only, return receipt requested", the County's appeal must be rejected.

The notice provisions of the tax sale statute must be strictly complied with in order to guard against the deprivation of property without due process of law. *Hess v. Westerwick*, 366 Pa. 90, 76 A. 2d 745 (1950); *Ross Appeal,* 366 Pa. 100, 76 A. 2d 749 (1950); *Hughes v. Chaplin,* 389 Pa. 93, 132 A. 2d 200 (1957); *Watson v.*

---

[1] Certified mail may be used in lieu of registered mail for the purpose of giving notice. Act of September 8, 1959, P. L. 829, No. 323, §1, 45 P.S. §101.

*Ciaffoni,* 385 Pa. 16, 122 A. 2d 56 (1956). Justice LADNER, speaking for a unanimous court in *Hess v. Westerwick,* supra at p. 98, reminded tax collection authorities that "(t)he purpose of tax sales is not to strip the taxpayer of his property but to insure the collection of taxes." The power given by the act carries with it the responsibility of seeing that its conditions are complied with. *Ross Appeal,* supra.

Had the Tax Claim Bureau kept a careful record showing that the letter was sent by registered mail, return receipt requested, deliver to addressee only, it would then have complied with the mail notice requirement of the statute[2] and the fact that the addressee did not receive the letter would not invalidate the sale. That was not done in this case. The Tax Claim Bureau failed to show compliance with the clear legislative mandate found in the 1959 amendment of Section 602, supra, which requires that the notice "prescribed by this section" be by registered mail *personal addressee only.* The addition of the latter specific requirement cannot be deemed to have been an idle gesture on the part of the legislature. Strict compliance with this amendment, designed to assure receipt of the notice by the proper party, prevents occurrence of the kind of problem presented in this case.

At the hearing the court below first admitted and later held inadmissible a letter received by the Tax Claim Bureau from the Superintendent of Mails of the Post Office in Mount Holly, New Jersey, where the Kerrs apparently spent their summer. This letter, dated December 31, 1964 and signed by the superintendent, was written in response to the Tax Claim Bureau's request for a duplicate or return receipt and stated: "Certified Letter #6963 was delivered on June 23, 1964

---

[2] We need not pass on the posting requirement in view of our disposition of the case.

and signed by Mamie Kerr." We agree with the lower court that this letter was hearsay and was not admissible. It was an unsworn out of court assertion by an individual, who was not called to testify, offered to prove the truth of the matter asserted therein. We also agree with the lower court that the letter, written more than 6 months after the alleged delivery to Mamie Kerr and silent as to the source of the information regarding this delivery, does not fall within any of the exceptions to the hearsay rule, including the Uniform Business Records as Evidence Act, the Act of May 4, 1939, P. L. 42, §2, 28 P.S. §91b.

Nor was the letter admissible as prima facie evidence of delivery under Public Law 86-682, 74 Stat. 680, 39 U.S.C.A. §5010,[3] as now urged by the County. Our reading of this section, in conjunction with 39 U.S.C.A. §507(3),[4] convinces us that the receipt referred to as being admissible as prima facie evidence of delivery is the receipt signed by the recipient when he gets his registered letter. When the signature of the recipient of a registered letter appears on the return receipt card,

---

[3] "§5010. Return receipts

"(a) Upon payment of the fee prescribed by him, the Postmaster General shall provide senders of mail, receipts showing either—

(1) to whom and when the article was delivered, or

(2) to whom, when, and the address where the article was delivered.

"(b) Receipts furnished under subsection (a) of this section shall be received in the courts as prima facie evidence of the delivery."

[4] "507. Fees for special services

"The Postmaster General may prescribe from time to time the fees which shall be charged by the postal service, and the manner in which they shall be collected, for—

. . .

(3) securing a signed receipt upon the delivery of mail and returning such receipt to sender; . . ."

the burden of proving nondelivery shifts to that recipient. But we do not believe that burden should be shifted on the basis of a hearsay statement by a third party claiming that the letter was delivered.

Strict compliance with the notice provisions of the Real Estate Tax Sale Law not having been proved, the tax sale was properly invalidated by the lower court.

Order affirmed.