Price-Jeffries Co., Inc., Appellant, *v.* Harry M. Tillman and Barbara J. Tillman, Appellees.

Argued October 4, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Alfred O. Breinig, Jr.,* for appellant.

*O. Warren Higgins,* for appellee.

OPINION BY JUDGE ROGERS, November 30, 1973:

Price-Jeffries Co., Inc., sued Harry M. Tillman and Barbara J. Tillman, his wife, in an Action to Quiet Title in Delaware County, seeking an order that the defendants be barred from asserting any right or interest in, and that the plaintiff be given possession of, a premises 32 Pine Street, Newtown Township. After issue joined, the case was tried before Judge LOUIS A. BLOOM without a jury and a verdict and judgment entered in favor of the defendants. We affirm.

The plaintiff bases its claim to ownership of the property upon a treasurer's deed received after purchase at a delinquent tax sale of a premises described in the deed as "Harry M. Tillman, Add. 32 Pine Street, Newtown Township." The sale was for unpaid interim school taxes in the amount of $3.00.

Harry M. Tillman and Barbara J. Tillman, his wife, have been the owners as tenants by the entirety of a house and lot at 32 Pine Street, Newtown Square, Pa. from the time of their purchase of the property in 1955. It is their residence. The property was identified in the assessor's office of Delaware County as:

"32 PINE ST NW 225 NS
TENNIS AVE, 80 x 100
1 S BRK * FR HSE"

Usual tax bills were addressed to the Tillmans as:

"TILLMAN HARRY M ET UX
32 PINE ST
NEWTOWN SQUARE PA"

and were all paid by them both before and after the tax sale. In the year 1963 Mr. Tillman built a recreation room. This resulted in an increase in their assessment of $300 and interim township, county and school tax bills for seven months of 1964 in the amounts respectively of $2.44, $2.18 and $3.00. The county and township bills were paid. The Tillmans claim never to have received the bill for the school taxes. Each of the bills bore only the following information as to subject and owner: "32 PINE ST ADD, HARRY M. TILLMAN." The $3.00 school tax remaining unpaid, the property was advertised for sale for delinquent taxes in 1967 as:

"NEWTOWN TOWNSHIP
583—HARRY M. TILLMAN
F 214-184 (INTERIM 1964)
ADDITION 32 PINE STREET"

The pertinent Act of Assembly requires the county treasurer to include in his advertisement of the tax sale the name of the *owner* of each seated property and that he serve notice of the sale by registered or certified mail upon the *owner* of each such property. Act of May 29, 1931, P. L. 280, §7, as amended, 72 P.S. §5971(g). As we have noted, neither the advertisement nor any of the notices of the proposed sale included the name of Barbara J. Tillman as an owner. The owners of 32 Pine Street were Harry M. Tillman and Barbara J. Tillman, not Harry M. Tillman.

Strict compliance with the notice provisions of tax sale statutes is required in order to guard against the deprivation of property without due process of law. *Tax Claim Bureau v. Wheatcroft*, 2 Pa. Commonwealth Ct.

408, 278 A. 2d 172 (1971). An advertisement and notice of a tax sale referring to one only of tenants by the entirety is obviously not in compliance with the requirement that the advertisements must contain the name of, and notices mailed must be sent to, the owner. *See Hess v. Westerwick,* 366 Pa. 90, 76 A. 2d 745 (1950).

Not only was the designation of the owner of the property sought to be sold fatally defective, the descriptions of the property in the advertisement, the notice and the treasurer's deed are wholly inadequate. "Add." or "Addition 32 Pine Street" is meaningless and nothing could be sold or conveyed by such a phrase.

This case provides an excellent occasion for recalling the cogent language of Justice LADNER in *Ross Appeal,* 366 Pa. 100, 76 A. 2d 749 (1950), to the effect that the provisions of real estate tax sale laws were not meant to punish taxpayers who omitted through oversight or error to pay their taxes but to protect local government against wilful, persistent, longstanding delinquencies. We do not, however, rest our decision affirming the court below on the overwhelming equities of the defendants' case but on the legal proposition that the statutes were not complied with by the taxing authorities, rendering the purported sale a nullity.

Affirmed.