## Cumberland County Tax Claim
## Bureau Tax Sale

*Richard L. Kearns,* for administrators.
*Thomas E. Martin,* for purchaser.
*Henry L. Stuart,* for Tax Claim Bureau.

WEIDNER, J., November 13, 1974.—On October 29, 1973, the Cumberland County Tax Claim Bureau sold real property in Penn Township, Cumberland County, Pa., for unpaid interest and penalties for 1971 and 1972 taxes, for the price of $3,075. Mrs. Edna E. McNeal was the latest grantee of record found in the County Office of the Recorder of Deeds. Mrs. McNeal had died February 6, 1971, in Dauphin County. No record of her will or of the Estate of Edna McNeal was filed with the Register of Wills for Cumberland County. Dauphin County issued letters of administration c.t.a. to petitioners on May 26, 1971. On March 21, 1972, the Tax Claim Bureau negotiated a check of the Estate of Edna E. McNeal for the payment of 1971 road and county taxes. Another check of the Estate of Edna E. McNeal was negotiated in January

of 1973 in payment of Penn Township school taxes. These checks had been sent to the Tax Claim Bureau by petitoner's attorneys, Caldwell, Clouser and Kearns. In June of 1972, notice of 1971 taxes was sent to Mrs. Edna McNeal, 2300 Paxton Church Street, Harrisburg, by certified mail and receipt of this was signed by Robert McNeal, Jr. In June of 1973, a similar notice was sent to this address for 1972 taxes and the receipt was signed by Mrs. Robert McNeal. Each of these notices referred to showed $19.32 taxes, $3 costs and $.50 fee of the year in which sent, as due and owing. On August 31, 1973, the Tax Claim Bureau mailed a tax sale notice by registered mail, "personal addressee only," "return receipt requested," to Mrs. Edna McNeal and John McNeal, 2300 Paxton Church Road, Harrisburg, Pa. This notice was returned unaccepted. The property was posted October 6, 1973, and the Tax Claim Bureau gave notice of the scheduled sale by publication in three area papers and the Cumberland Law Journal, as required by statute. The petitioners claim no actual prior notice of said sale.

Section 602 of the Act of July 7, 1947, P. L. 1368, art. VI, 72 PS §5860.602, of the Real Estate Tax Sale Law provides that the Tax Claim Bureau shall give notice of any scheduled sale, "once a week for three (3) consecutive weeks in two (2) newspapers of general circulation in the county . . . and once in the legal journal . . . [N]otice of sale shall also be given by the bureau, by United States registered mail, return receipt requested, postage prepaid, to each owner at least ten (10) days before the date of sale, addressed to his last known post office address, or if no address is known, or if the notice addressed to the owner is not delivered to the owner by the postal authorities, such notice shall be posted on the property."

The notice by newspaper, legal journal and posting are not in controversy. The question of proper mail notice is the sole issue.

Once mail notice requirements are properly met, it is not necessary to show that they actually received the notice: Chester County Tax Claim Bureau Appeal, 208 Pa. Superior Ct. 384, 222 A. 2d 602 (1966).

However, to comply with the mail notification requirement, the notice must be sent to each owner, addressed to his last known post office address, owner being defined as:

"the person in whose name the property is last registered if registered according to law, and in all other cases means any person in open, peaceable and notorious possession of the property, as apparent owner thereof, . . . in the neighborhood of such property". Section 102 of the Real Estate Sales Tax Law.

Absent registry, the owner of a property, to whom proper notice of a pending tax sale must be given, is that person who is the reputed owner of the property: Ware v. Tax Claim Bureau of Chester County, 13 Chester 274 (1965).

By notation on the two checks negotiated in payment of taxes, and perhaps by signed receipts of notice of taxes, it was apparent that Edna McNeal was no longer alive and the administrators of her estate were the "owners" of the Penn Township property. To expect the records of the Cumberland County Register of Wills to necessarily contain the Estate of Edna McNeal is to ignore the fact that Edna McNeal was domiciled in Dauphin County.

The respondents allege that, since prior to distribution of the estate, the owner is the estate itself, the address at which the "owner" may be reached is most logically the address of the real estate owned or an

address at which the executors or administrators may expect to find correspondence addressed to the estate or to the decedent. However, in the instant case, the logical address would seem to be that of a Harrisburg law firm handling the estate, not a residence where the decedent had lived some two and one-half years prior thereto.

Respondents contend that even if the Tax Claim Bureau had notice of Edna McNeal's death, the assessment may be made in either the name of the decedent or in the name of his or her administrators (Act of May 21, 1943, P. L. 571, 72 PS §5453.615), and notice was thus properly addressed to decedent at her last known address. Any further searching for addresses, respondents claim, would be "overly burdensome."

However, noting that the purpose of the tax sale law is simply to insure payment of taxes and not "to punish taxpayers who omitted through oversight or error to pay their taxes" (Ross Appeal, 366 Pa. 100, 107, 76 A. 2d 749 (1950)) the court in Tax Claim Bureau of Montgomery County Upset Sale, 94 Montg. 312, 315 (1971), emphasizes its concern that "all fair and reasonable methods be utilized to inform owners of the impending sale of their property."

"Legislation authorizing sale of property for delinquent taxes requires that the Tax Claim Bureau use every possible method to notify the owner, apparent owner, reputed owner, or person in possession, of the intended sale": Return of Sale of Property for Delinquent Taxes, 24 Fayette L.J. 88 (1961).

In the instant case, the Tax Claim Bureau is charged with knowledge of Edna McNeal's death from mail receipts and checks issued by the Estate of Edna McNeal. It is not unreasonable to require notification of petitioners where the bureau was given such information, as the fact that the petitioners' four names were signed on a local bank check, that the checks

were mailed by a Harrisburg law firm, and that decedent's will was probated in Dauphin County, decedent's last known domicile. There were two months, more than adequate time, following the failure of delivery of the sales tax notice and the date of sale, during which one of the several nonburdensome channels could have been utilized to see that the administrators had notice of the forthcoming sale.

"Where it appears that the tax claim bureau had knowledge of another address of the taxpayer, failure to send notice to said address in accordance with the statute renders the notice invalid and the sale must be set aside": Tax Claim Bureau of Montgomery County Upset Sale, 94 Montg. 312 (1971).

The bureau is required to look to obvious and readily available places to find an address and in the instant case, since numerous places did, in fact, exist, the Tax Claim Bureau was delinquent in not attempting to find the last known address: Wyndmoor Estates, Inc. v. Tax Claim Bureau of Montgomery County, 13 Comm. Ct. 475, 319 A. 2d 192 (1974).

This case is distinguished from that of Grace Building Co. v. Clouser, 5 Pa. Commonwealth Ct. 110, 289 A. 2d 525 (1972), where the Tax Claim Bureau had no correspondence with the Clousers, and had nothing more than an outdated address. Here, fair and reasonable methods existed which would have lead the bureau to give actual notice to exceptants. The failure to utilize such has circumvented the purpose of the real estate law and the sale of exceptants property must, therefore, be set aside and declared null and void.

## ORDER OF COURT

And now, November 13, 1974, petitioner's exceptions to the October 29, 1973 Cumberland County Tax Claim Bureau sale are sustained and it is ordered and directed that said sale be and is hereby set aside.