C. Everett, Inc., Appellant *v.* Lawrence Ayres and Jannie L. Ayres, his wife, and Federal National Mortgage Association, Appellees.

Argued October 6, 1975, before President Judge Bow-MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Alfred O. Breinig, Jr.*, for appellant.

*James C. Buckley*, with him *Robert E. Cherwony*, and *Gibbons, Buckley & Smith*, for appellees.

OPINION BY JUDGE BLATT, December 23, 1975:

This is an appeal from the final judgment of the Court of Common Pleas of Delaware County in an action brought by C. Everett, Inc. (Everett) the plaintiff below, to quiet title to property acquired at a tax sale.

The events giving rise to the action can be summarized briefly. On June 1, 1966 Henry Whitley, Jr. and Claria Whitley, his wife, acquired title by deed as tenants by the entireties to the subject property which is known as 907 Lincoln Terrace, Chester, Pennsylvania. The Whitleys executed a mortgage to the Colonial Mortgage Service Co. (Colonial) and had both the deed and the mortgage recorded on June 28, 1966. On about May 1, 1967 Delaware County taxes charged to the property for 1966 and listed under the name of "Henry Whitley, Jr., et ux" were returned by the tax collector to the County Commissioners as delinquent and unpaid in the amount of $55.56. The return was then certified to the County Treasurer for collection or for securing payment by sale of the property. Before the tax sale was conducted, the mortgage holder, Colonial, commenced an action in mortgage foreclosure against the Whitleys, as a result of which, judgment was entered against the Whitleys on April 28, 1969 in the amount of $13,534.63. On October 28, 1968, however, the property was sold at the tax sale to Everett, the plaintiff, for $110.00. Execution of the April 28, 1969 judgment took place on June 13, 1969 by means of a sheriff's sale of the property to the United States Department of Housing and Urban Development, which in turn conveyed the property to Lawrence Ayres and Jannie L. Ayres, two of the defendants in this action. They in turn mortgaged the property to the Federal National Mortgage Association, also a defendant herein. Finally Everett, who took apparent title to the property at the tax sale, filed this quiet title action to obtain possession and to establish its title as superior to that held by the defendants. By way of counterclaim the defendants asserted that they held the superior title. After a trial on the merits the court below invalidated the tax sale and the resulting deed to Everett and upheld the defendants' claim to superior title to the property as against the plaintiff Everett. This appeal followed.

Judge ORLOWSKY, of the court below, invalidated the deed held by Everett, finding that the Whitleys had not been given proper notice of the tax sale through either personal service, any posting of the premises which may have taken place, or public advertisement. *See Curtis Building Co., Inc. v. Tunstall,*      Pa.      , 343 A.2d 389 (1975).

It is clear, of course, that "notice provisions of the tax sale statute must be strictly complied with in order to guard against the deprivation of property without due process of the law." *Chester County Tax Claim Bureau Appeal,* 208 Pa. Superior Ct. 384, 387, 222 A.2d 602, 604 (1966); *accord, Tax Claim Bureau of Montgomery County v. Wheatcroft,* 2 Pa. Commonwealth Ct. 408, 412, 278 A.2d 172, 175 (1971). The applicable notice provisions are found in Section 7 of the Act of May 29, 1931, P. L. 280, *as amended,* 72 P. S. §5971(g). These require that the County Treasurer shall advertise the sale in two newspapers of general circulation, such advertisement to include among other things "[a] list of the seated lands affected and their location, *and the owner or reputed owner of each.*" (Emphasis added.) In addition to advertisement the statute provides that the County Treasurer shall serve written notice upon the *owner* of such land and where such notice cannot be so served by mail it shall be served by posting the same in the courthouse and at a conspicuous place on the premises.

All reasonable deductions from the evidence presented to Judge ORLOWSKY would indicate that the advertised notice, service by mail, and posting of the premises identified the owner as: "Henry Whitley, Jr., et ux."[1] The property, of course, was owned by Henry Whitley and his wife, Claria Whitley as tenants by the entireties and the issue, therefore, is whether or not the above identifi-

---

1. Posting on the premises was required in this case because the letter sent to Henry Whitley, Jr., et ux was returned by the postal authorities as undeliverable.

cation was sufficient notice to the "owner." We agree with the court below that it was not.

This Court has ruled that a single notice served upon a husband and wife owning property by the entireties sufficiently identifies the owner when addressed in the names of both husband and wife, as "John W. and Jean G. Schmid." *Wheatcroft v. Schmid, supra.* By the same token we have ruled that such notice does not sufficiently identify the owner of property held by the entireties when addressed only in the name of the husband, as "Harry M. Tillman." *Price-Jeffries Co., Inc. v. Tillman,* 11 Pa. Commonwealth Ct. 153, 312 A.2d 494 (1973). "Et ux," as used in this case after the husband's name, represents obviously an abbreviation for "et uxor" which means "and wife," and the term is commonly used in abstracts and indexes to indicate that a wife has joined with her husband in conveyances. *See Black's Law Dictionary,* 653 (rev. 4th ed. 1968). While, however, the use of such a term may capture the attention of the legal community and indicate that a wife is a party to a transaction involving the conveyance of property, we do not believe that its use meets the notice of requirements of due process which are designed to protect the interests not only of the parties but, of the public at large. When an individual's property rights are at stake, due process requires that he or she be identified with clarity and without disguise so that those rights may be asserted and the owners may fully protect his or her interest in the property concerned.

The plaintiff argues here that, before the tax sale can be invalidated, it must be shown not only that the notice was improper under the statute but also that the owner was in fact without knowledge of the sale before it took place. Everett finds support for this proposition in certain lower court decisions, but a well considered review of authority suggests that the proposition as Everett states it is in fact misstated. Our reading of authority

indicates that where a property owner has had full and timely knowledge of all steps taken prior to the tax sale and could not have been said to have been misled to his detriment he cannot thereafter complain about omission in the notice of the sale which was given to him. *See Hess v. Westerwick,* 366 Pa. 90, 76 A.2d 745 (1950); *See also Aronauer Appeal,* 404 Pa. 654, 171 A.2d 765 (1961). Here, however, the Whitleys did not testify at all and there is no indication in the record by anyone who did testify that the Whitleys were aware that their property was listed for tax sale.

Everett also argues that, in any event, the defendants lack the power to assert defenses to the tax sale "which are personal to the Whitleys." The defense of inadequate notice, however, is not only available to the Whitleys but also to members of the public who may have suffered because of the insufficiency of the public notice given, and not only does the law favor a clear chain of title but such clarity is obscured where the public is not properly informed of the ownership of property pending a tax sale. Here, moreover, the defendants succeeded to an interest in the subject property and they certainly stand in a position to assert errors in a proceeding which clouds the title to the interest which they acquired.

The tax sale must also fail because all reasonable deductions from the evidence indicate that the County Treasurer failed to post notice of impending sale upon the premises concerned. It is presumed, of course, that the property was properly posted absent evidence indicating the contrary. *Wheatcroft v. Schmid, supra.* The only evidence produced at the trial in this matter, however, was a slip of paper containing a list of numerous properties scheduled for posting, the subject property being among those so listed with testimony indicating that the list was handed to an agent of the Treasurer's Office so that he would post all of the properties concerned. The testimony of another representative of the

Treasurer's Office, however, was that he could not state that the property here concerned had actually been posted. No evidence was adduced as to the date of the alleged posting, nor were affidavits or statements presented indicating that the property really was posted. While it was the defendants' burden, of course, to overcome the presumption of posting, we concur with Judge ORLOWSKY that the presumption must yield in view of this record.

Because of the deficiency in the various notices given by the County Treasurer, therefore, we believe that the court below properly invalidated the Treasurer's tax sale and the subsequent deed which conveyed the property to Everett, the plaintiff herein. We find it unnecessary, therefore, to reach the alternate ground upon which the lower court also found the tax sale invalid.

Inasmuch as the tax sale, which purported to transfer title of the property to the plaintiff Everett was invalid, the title which Everett thought it had thereby acquired was also invalid. The title acquired by the defendants in the chain of title resulting from the mortgage foreclosure proceeding and subsequent sheriff's sale, therefore, is superior.

The final judgment and order of the court below is affirmed.

---

DISSENTING OPINION BY PRESIDENT JUDGE BOWMAN:

I disagree with the majority opinion in its conclusion that notice of tax sale directed to "Henry Whitley, Jr., et ux" is *per se* violative of the due process rights of Claria Whitley, his wife and tenant by the entireties, of the property in question. Whether "et ux" is a term of art familiar only to a limited segment of our population is not, in itself, decisive, in my opinion, in structuring a due process notice right with respect to impending governmental action.

On the record before us, the requisite mail notice of the tax sale was not contested, and its contents revealed the nature of the impending governmental action, the reason therefor, and the property against which it was to be taken, which property Claria owned as a tenant by the entireties. With the requisite mail notice not contested and its contents adequately advising Claria and Henry of the impending governmental action, I can find no detriment to Claria as to notice or otherwise in the protection of her property rights in the real estate being subjected to tax sale for nonpayment of realty taxes. Furthermore, as the Whitleys were not parties to this action, and assuming her due process rights were violated, those claiming through the Whitleys have no derivative due process rights.