**Walter v. Marra**

*Murray R. Garber*, for plaintiffs.
*Bernard J. Hessley*, for defendant.

WOLFE, *P.J.*, June 20, 1978—This matter is before us on complaint of plaintiffs to quiet title to their premises sold at treasurer's sale to defendant. Accordingly, the procedure is pursuant to Pa.R.C.P. 1067 mandating in actions to quiet title disposition be in accordance with Assumpsit Rule 1038 which leaves it discretionary with the trial judge to include, as part of the decision, findings of fact and conclusions of law. (Rule 1038(b).)

## FINDINGS OF FACT

1. On March 21, 1972, Peter A. Bunk and Helen May Bunk granted and conveyed unto plaintiffs the premises which are the subject matter of the within action for a consideration of $15,700 by deed which was duly recorded on April 11, 1972, in Deed Book 371, page 266.

2. The assessment record of the county indicated a change of ownership of the premises from Peter Bunk et al. to William Walter et ux. as of July 5, 1972.

3. On August 10, 1973, the treasurer of Warren County sold the aforesaid premises to defendant at a duly held treasurer's sale for the unpaid realty taxes for the year 1971 as the property of plaintiffs' grantors.

4. No registered notice of the pending sale was given by the treasurer of Warren County to plaintiffs nor was the property advertised as being sold as the premises of plaintiffs.

5. The chief assessor of Warren County orally, by telephone, advised plaintiff William R. Walter that the premises were subject to treasurer's sale either prior to the sale or subsequent to the sale but prior to the redemption period, the exact date and point in time to the treasurer's sale being undetermined.

6. The treasurer advertised the subject premises on July 13, 1973, prior to the sale as the property of Peter A. Bunk et al. and gave registered mail notice to Peter A. Bunk et al.

7. Plaintiffs did not redeem the subject premises within the two-year period then prevailing.

8. Defendant purchased the premises at the treasurer's sale for $583.55.

## DISCUSSION

The record is conclusive that the treasurer did not give any notice to plaintiffs of the holding of the tax sale prior thereto as mandated by the Act of May 29, 1931, P.L. 280, section 7, as amended, 72 P.S. §5971g. This act provides, inter alia, that the treasurer shall advertise the fact of holding a sale of lands for taxes once a week for three successive weeks prior thereto and, in addition, at least ten days before such sale serve by registered mail or certified mail the fact of the sale upon the owner and if the owner is unknown service must be made by posting the notice in the court house and at a conspicuous place on the premises.

The treasurer did give proper notice to the previous owner, Peter A. Bunk and wife.

The cases are replete that the treasurer must follow precisely the mandates of the act in order to divest one of his property with due process of law: Hess v. Westerwick, 366 Pa. 90, 76 A. 2d 745

(1950). Indeed, C. Everett, Inc. v. Ayres, 22 Pa. Commonwealth Ct. 422, 349 A. 2d 514 (1975), holds that where husband and wife own the property as tenants by the entireties but the notice is given or the premise identified in the advertisement as that of the husband "et ux," rather than giving the names of both owners, the notice is insufficient to comply with the act.

Defendant does not contest the fact no notice was given plaintiffs despite their proper recordation of the premises having therefore done all that was necessary to protect their interest. However, defendant relies solely on the fact that actual notice of the impending sale was given plaintiffs prior thereto and, if not prior thereto at least before the period of redemption then existing, to wit, two years from August 10, 1973. Thus, we are confronted with the unique issue, for which we have not been able to find, nor has counsel submitted to us, any relevant cases whether actual notice of an impending tax sale is sufficient to divest one of his property and if so the sufficiency of such notice.

As stated our courts have not directly addressed themselves to this issue but have inferred that actual notice may cure a defective procedure which the act mandates be followed. In Hicks v. Och, 17 Pa. Commonwealth Ct. 190, 331 A. 2d 219 (1975), the court held on the issue of an advertisement of a sale, not in the name of the owner but rather in the name of the previous owner, that:

"It is difficult to conceive of any language the Legislature could have used to make its intention any clearer than that both advertisement and registered mail notices are essential. Actual receipt of an improperly addressed registered mail notice may

cure the defective mailing. Indeed, actual knowledge may cure the complete absence of the required registered mail notice. However, probably the posted notice and most clearly the advertisement notice are aimed at a far greater range of interested parties than merely the owner to whom the registered mail notice is directed."

Citing Hess v. Westerwick, supra, the court notes the issue in Hess, the advertising requirements had been met, but the registered mail notice was sent to a former owner rather than to the current owners. "The current owners did not have knowledge of the tax delinquency or of the impending sale. The court held that the advertisement requirements were quite apart from and in addition to the registered mail notice requirements."

In Cantwell v. Henzler, 9 D. & C. 2d 21 (1956), it was held notice by registered mail to the husband was sufficient to comply with a tax sale notice despite no notice to the wife as the property was owned as tenants by the entireties. This ruling was again followed in Mercer County Tax Claim Bureau Tax Sale, 41 D. & C. 2d 130 (1966), wherein the court found that despite no notice of the sale either by registered mail, advertisement or posting was given to the wife, notice was given to the husband, who did admit this and that he had advised his wife was therefore sufficient notice to her.

These two cases appear to have been overruled by the holding of Price-Jeffries Co., Inc. v. Tillman, 11 Pa. Commonwealth Ct. 153, 312 A. 2d 494 (1973), wherein no notice by registered or certified mail was given Mrs. Tillman despite the fact the property was held as tenants by the entireties when the property was advertised under the name of the hus-

band only. The court held the act of assembly requires the county treasurer to include in his advertisement the name of the *owner* of each seated property and that he serve notice of the sale by registered or certified mail upon the *owner* of each such property: Act of May 29, 1931, P.L. 280, sec. 7, as amended, 72 P.S. §5971(g). The court concluded as the advertisement and notice of the sale made reference only to one of the tenants by the entireties this was insufficient to comply with the act.

In the instant case plaintiff, William Walter, denies he received any notice of the sale of his home until September 9, 1975, or subsequent to the redemption period. Mrs. Walter also denies she received any notice until that date when she learned of it from her husband. This testimony is in direct conflict with the testimony of the chief assessor who stated he telephoned Mr. Walter as a matter of courtesy to advise him of the impending sale as it was his custom to do, particularly when he had personal knowledge of a record transfer by deed as was the case here. This was so particularly since one of his assistants was related to plaintiffs and had personal knowledge of the transfer.

A witness for defendant, Lawrence Marra, Jr., stated he visited the premises at least three times prior to the redemption period and talked to Mrs. Walter and advised her of the sale of the property. Mrs. Walter acknowledges the visit; however she denies it was made prior to the redemption period.

There is no testimony that defendant gave actual notice, either written or oral, to both Mr. and Mrs. Walter; likewise, there is no evidence the chief assessor or anyone else gave notice to both Mr. and Mrs. Walter. As stated, there are no cases interpreting what "actual notice" would mean under these

circumstances; however, we believe, considering the loss of valuable property and the constitutional issue of due process* to terminate property rights there must be something more than a courtesy call by the chief assessor. Indeed, we have difficulty in discerning why the assessor did not notify the treasurer of the record change of ownership in order to afford the treasurer an opportunity either to remove the property from the sale list or to give proper notice prior to the sale if time permitted.

We recognize one may waive valuable rights if they have sufficient knowledge and understanding of the rights they are waiving. Here, plaintiffs were of the opinion the sale of their property for delinquent taxes could not happen because they had a title search and felt secure in this respect. The witness for defendant testified Mrs. Walter expressed an attitude of disbelief when she was told of the sale.

We have no difficulty in concluding plaintiffs did not waive this valuable right under the circumstances. In our opinion "actual notice" is sufficient to validate an otherwise defective notice of a treasurer's sale and we so hold. We further hold "actual notice" would mean that, despite no registered mail notice or advertisement or posting, the owner of the property personally had notice of the impending sale discerned by the owner. Any notice short of this requirement would, in our opinion, leave property owners in an insecure position and would place upon them the duty to determine if the treasurer had performed his duty by giving proper notice and all other county officials in the discharge of their

---

*Defendant was of the opinion plaintiffs' home has a current market value of $25,000.

duties of recordation of deeds, indicing and posting in assessment rolls. This burden has been placed on the county officials by the legislature and should remain there.

For the foregoing reasons we enter the following

## CONCLUSIONS OF LAW

1. The treasurer of Warren County did not give the statutory notice to plaintiffs of the impending treasurer's sale to be held on August 10, 1973, for the unpaid taxes for the year 1971.

2. Plaintiffs had insufficient notice of the sale of their premises held by the Treasurer of Warren County on August 10, 1973.

3. The tax sale held on August 10, 1973, is null and void as to the premises of plaintiffs as granted to them by Peter A. Bunk and Helen May Bunk on March 21, 1972, and as recorded in Deed Book 371, page 266 on April 11, 1972.

4. The treasurer's deed to the defendant, Albert Marra, or nominee, dated August 10, 1973, is null and void.

5. Defendant is entitled to be paid the amount of payment made by him in the sum of $583.55, plus any interest, penalty and other payment authorized by law, as though the premises had been redeemed by plaintiffs within the statutory period permitted.

For the foregoing reasons we enter the following

## ORDER

And now, June 20, 1978, the treasurer's sale of August 10, 1973, as the property of Peter Bunk and identified by subsequent treasurer's deed dated August 10, 1973, as land situate in Youngsville,

690

County of Warren, and State of Pennsylvania identified under tax identification number YV-672-7564 is null and void and of no legal effect whatsoever.

The prothonotary is authorized and directed to certify a copy of the within order to the recorder of deeds and the recorder of deeds is directed and authorized to enter in the indices and spread upon the record the within court order. . . .

All court costs and recording costs to be borne by Warren County.