394 A.2d 995

Anna PATTERSON, Widow, a/k/a Mrs. Paul L. Patterson,

v.

Winona E. OAKES and Joseph V. Oakes, her husband; Vineta B. Zundel and Clyde R. Zundel, her husband, and their unknown heirs, devisees or assignees.

Appeal of Constance Z. SMITH, nee Zundel, and Patricia Shaw, nee Zundel.

Superior Court of Pennsylvania.

Argued Nov. 22, 1977.

Decided Nov. 17, 1978.

Ross S. Bash, Delmont, with him Calvin E. Pollins, Latrobe, for appellants.

No appearance entered nor brief submitted for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

This is an appeal from an order of the court below sustaining an action to quiet title to a thirty acre tract of land situated in Mt. Pleasant Township, Westmoreland County, acquired in 1964 by the appellee from the Treasurer of Westmoreland County at a tax sale. The purchase price was $23.62.

The tax sale was held under the County Return Act of 1931, 72 P.S. 5971, which was applicable to Westmoreland County at that time. The notice requirements of the Act (Section 5971g), in addition to advertising in at least two newspapers of general circulation in the County, specified that—

"In addition to such advertisement, at least ten days before any such sale, written notice thereof shall be served by the county treasurer, by registered or certified mail, upon the owner of such land, and if the whereabouts of the owner is unknown, such notice shall be served by registered or certified mail upon the terre tenant, if any . . . If such notice cannot be served in said manner on the owner or terre tenant, then such notice shall be served by the county treasurer by posting the same in the courthouse and at a conspicuous place on the premises."

At the time of the tax sale title to the property on the real estate tax assessment records stood in the name of two sisters, Winona E. Oakes and Vineta B. Zundel, residing on Weldon Street in Ligonier. However, Mrs. Oakes had been a patient in the Harrisburg State Hospital in Harrisburg from 1950 through 1969 for treatment of a mental and emotional disorder and Mrs. Zundel had died intestate in 1960 survived by her husband, Clyde R. Zundel, and two daughters, Constance Smith and Patricia Shaw. Mr. Zundel

died intestate in 1971 and his interest in the property passed by intestacy to the two daughters aforementioned, appellants herein.

The tax sale was held in 1964. The County Treasurer sent notice of the sale by certified mail in a single letter addressed to Winona E. Oakes and Vineta B. Zundel at the Weldon Street address in Ligonier. None of the owners had lived at that address for several years prior to the notice of sale, although it was received and receipted for by Clyde R. Zundel, the widower of Vineta Zundel, who maintained a post office box in Ligonier. It has been stipulated that Winona E. Oakes never authorized Mr. Zundel to receive notice on her behalf and his daughters testified that they never authorized their father to acknowledge receipt of the letter for them or, indeed, to handle any of their business affairs. None of the owners except Mr. Zundel had any knowledge of the sale until the deed received by the appellee at the tax sale was recorded in 1968. Mr. Zundel's knowledge of the sale was acquired through reading the notice sent to his deceased wife and sister-in-law.

In this posture, three of the four owners of the property received no notice of the intended sale and the fourth received only a notice sent to two of the other owners but not to him. The statute requires that if notice of the sale cannot be served upon the owners by certified mail it should be served on the terre tenant or, if that is not possible, it should be posted in the courthouse and at a conspicuous place on the premises. It has been stipulated that the property was vacant and that there was no terre tenant. The Treasurer did not post notice of the sale either in the courthouse or on the property.

The court below held that the action to quiet title should be dismissed as to Winona E. Oakes and from that ruling there has been no appeal. However, it sustained the appellee's title against Vineta B. Zundel, her husband and their heirs, devisees or assigns. This was error for lack of any notice to Constance Z. Smith and Patricia Shaw and for failure to post notice of the sale either at the courthouse or on the property.

The statutory notice by letter must be given to the "owner" of the property at the time of sale, not necessarily the person in whose name the delinquent tax was assessed: *Blasi v. Alexander*, 195 Pa.Super. 634, 171 A.2d 904 (1961); *Shafer v. Hansen*, 389 Pa. 500, 133 A.2d 538 (1957); *Moore v. Weiss*, 38 D. & C.2d 235, 243 (1965).

For 200 years our courts have ruled that notice provisions of a tax sale statute must be strictly complied with in order to guard against a deprivation of property without due process of law: *Wister v. Kammerer*, 2 Yeates 100, 104 (1796) ("An exact and punctual adherence to the laws alone can divest the title of lands, on a sale for non-payment of taxes."); *Chester County Tax Claim Borough Appeal*, 208 Pa.Super. 384, 387, 222 A.2d 602 (1966); *Hess v. Westerwick*, 366 Pa. 90, 98, 76 A.2d 745 (1950). Our Supreme Court reminded tax collection authorities in *Hess* that "the purpose of tax sales is not to strip the taxpayer of his property but to insure the collection of taxes".

That portion of the order of the court below confirming the title of the appellee to that portion of the property owned by Vineta B. Zundel and Clyde R. Zundel, her husband, and their heirs is reversed.

SPAETH, J. files a concurring opinion, in which PRICE, J., joins.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

SPAETH, Judge, concurring:

In my opinion this court lacks jurisdiction over this appeal. The Judicial Code provides:

The Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in any of the following cases . . . ..

.     .     .     .     .

(4) Local government civil and criminal matters.—

(i) All actions or proceedings arising under any municipality, institution district, public school, planning or zoning code or under which a municipality or other political subdivision or municipality authority may be formed or incorporated or where is drawn in question the application, interpretation or enforcement of any:

(A) statute regulating the affairs of political subdivisions, municipality and other local authorities or other public corporations or of the officers, employees or agents thereof, acting in their official capacity; or

(b) home rule charter or local ordinance or resolution.

Act of July 9, 1976, P.L. 586, Act. No. 142, 42 Pa.C.S. § 762 (1977).

This case involves the application and interpretation of the County Return Act of 1931, 72 P.S. § 5971g, which regulates the conduct of tax sales by political subdivisions. The appeal is therefore within the exclusive jurisdiction of the Commonwealth Court. The Commonwealth Court's practice, moreover, confirms this conclusion. Thus it has decided appeals from cases of this exact type. *See Everett Inc. v. Ayres*, 22 Pa.Cmwlth. 422, 349 A.2d 514 (1975); *Price-Jeffries Co., Inc. v. Tillman*, 11 Pa.Cmwlth. 153, 312 A.2d 494 (1973).

I recognize that we may decide the appeal because the jurisdictional objection has been waived. *See* Act of July 31, 1970, P.L. 673, No. 223, art. V, 17 P.S. § 211.503; Pa.R.A.P. 741. Nevertheless, I think we should have transferred the appeal to the Commonwealth Court on our own motion. See 17 P.S. § 211.503; Pa.R.A.P. 741 & 751; *cf. Commonwealth v. 84-qt. Btls. Bianco DiVerona Wine*, 250 Pa.Super. 544, 378 A.2d 1282 (1977) (State Liquor Control Board's appeal in forfeiture proceeding is under jurisdiction of the Commonwealth Court but where Superior Court receives case on transfer from the Commonwealth Court, it may decide appeal rather than retransfer). However, because the case is old, and because I believe that the majority's disposition is clearly in line both with past decisions by this court and with

the Commonwealth Court's decisions, I agree with the result reached in this case.

PRICE, J., joins in this opinion.