## Heritage Bank-North v. Erie County Tax Claim Bureau

*Mark Mioduszewski,* for plaintiff.

*Ted G. Miller,* for defendant Erie County Tax Claim Bureau.

*E. James Lucht,* for defendant Theodore Lawrence.

PFADT, *J.,* September 26, 1983 — This action in equity was brought to set aside a tax sale of a 21.29 acre parcel of land, bearing Erie County Tax Index No. 33-096-414-4. The tax sale was held on October

10, 1977, and, at that time, the record owners of the property were two New York residents, namely, Harry Mann and Emanuel Lewis Greene. The purchaser at the tax sale was Theodore Lawrence. Heritage Bank, plaintiff herein, is the successor to the interests of the first mortgagee of the property.

Plaintiff maintains that the tax sale was defective for the following reasons: (1) notice of the tax sale was not mailed to each of the record owners; (2) delivery of the notice was not restricted to the "personal addressee only"; and (3) the address on the notice differed from the address specified in the certificate of residency set out on the deed of the property to the owners of record. In addition, plaintiff contends that the conduct of the tax sale and the statute specifying the procedures to be followed are unconstitutional because notice of the tax sale to a mortgagee of record is not mandatory.

Defendants raise the defense of laches, and argue that plaintiff did not properly assert the constitutional challenge and that the seminal case requiring that notice be given to the mortgagee, Mennonite Board of Missions v. Adams, 462 US ____, 103 S.Ct. 2706, 77 L.Ed 2d 180, 51 U.S.L.W. 4872 (1983), expressly has only a prospective effect. Further, defendants assert that the complaint should be stricken because plaintiff failed to join necessary parties.

The relevant section of the Pa. Real Estate Tax Sale Law which was in effect at the time of the 1977 tax sale provided that notice of an impending tax sale shall "be given by the bureau, at least ten (10) days before the date of the sale, by United States certified mail, personal addressee only, return receipt requested, postage prepaid, to each owner as defined by this Act . . ." Act of July 7, 1947, P.L. 1368, as amended, 72 P.S. §5860.602.

While it is true that a tax sale may not be upset even though the record owners did not actually receive the mailed notice, constructive notice will only be imputed if the notice was properly addressed and mailed to the record owner's last known address.

The notice provisions contained in the Real Estate Tax Sale Law, supra, must be strictly satisfied in order to guard against deprivation of an individual's property without due process of law. In re Tax Claim Bureau of Chester County, 208 Pa. Super. 384, 222 A.2d 602 (1966).

In tax sale cases, the County Tax Claim Bureau has the burden of proving compliance with all of the statutory notice provisions. Casanta v. Clearfield Co. Tax Claim Bureau, 62 Pa. Commw. 216, 435 A.2d 681 (1981).

In February, 1974, when the subject property was transferred to Harry Mann and Emanuel Lewis Greene, the deed contained a clause certifying that "the address of the within grantees is: 1st National Bank, Crysler (sic) Building, Lexington Avenue, New York, N.Y. 10017." The evidence produced at trial indicated that a property record card relevant to the property was prepared by the Erie County Tax Claim Bureau. The address of the record owners appearing on the property record card was as follows:

First National Bank
Chrysler Building
Lexington Avenue
New York, N.Y. 12452

However, the testimony indicated that the 1977 tax sale notice was addressed as follows:

MANN HARRY ET GREENE L EMANUEL
C/O 1ST NATL BANK LEXINGTON AV
NEW YORK NY 12452.

The letter was sent by certified mail, return receipt requested; delivery was not restricted to the addressee.

Clearly, the address on the notice was not identical to the address contained in the certificate of residency; specifically, reference to the Chrysler Building was omitted and an incorrect zip code was used.

Harry Mann testified that he never received the notice and had no knowledge that the property would be sold, until after the sale had been conducted. In fact, a note teller at the 1st National Bank by the name of Sue Solvig signed for the certified letter. Ms. Solvig also testified and stated that she had no personal knowledge that the notice was finally delivered to Mr. Mann. Ms. Solvig did not have Mr. Mann's permission to sign for his certified letters and, in fact, the two individuals were unacquainted.

The 1st National Bank is located across the street from the Chrysler Building on Lexington Avenue. The reference in the certificate of residency to the 1st National Bank was apparently an error.

The Erie Tax Claim Bureau argues that had the address on the notice duplicated the address given in the certificate of residency, there would be no assurance that the notice would have reached the record owners.

The court is unimpressed with this argument since the relevant issue is not whether the address given in the certificate of residency was error-free, but whether the Tax Claim Bureau mailed the notice to the record owner's last known address. See: Clawson Appeal, 39 Pa. Commw. 492, 295 A.2d 703 (1972). Clearly, it did not.

Additionally, plaintiff points out that delivery of the notice was not restricted to the addressee. In Chester Co. Tax Claim Bureau Appeal, 208 Pa. Super. 384, 222 A.2d 602 (1966), the court invalidated

a tax sale based solely on the tax claim bureau's failure to send the notice by certified mail, "personal addressee only." See also: Sabarese v. Tax Claim Bureau of Monroe County, 69 Pa. Commw. 442, 451 A.2d 793 (1982). Since the Tax Claim Bureau has failed to prove that it complied with all of the statutory notice provisions, the tax sale affecting the subject property, conducted in October of 1977, must be declared invalid. The issues raised by the plaintiff concerning the constitutionality of Pa. Real Estate Tax Law need not be addressed in light of the foregoing disposition of these proceedings.

A number of other issues were raised during the trial and thereafter which deserve some comment and will be addressed hereafter.

Plaintiff argued that separate notices to each of the record owners were mandated by the statutory language of 72 P.S. §5860.602. The tax sale here at issue was conducted in 1977 before Teslovich v. Johnson, 486 Pa. 622, 406 A.2d 1374 (1979) and Boehm v. Barnes, 63 Pa. Commw. 87, 437 A.2d 784 (1981) were decided. Those cases held that each co-owner of property is entitled to separate and individual notices of tax claims and tax sales; however, the holdings were expressly to be applied only prospectively, hence, the additional argument advanced by plaintiff is without merit.

Defendants' assertion of the defense of laches is without basis. The defense of laches is available in equity cases when plaintiff fails to use due diligence in instituting the cause of action and the defendant is prejudiced thereby. Leedom v. Thomas, 473 Pa. 193, 373 A.2d 1329 (1977). This requires a factual determination by the court based on the record. It is the considered opinion of this court that plaintiff used due diligence in discovering that the tax sale

had been conducted and in instituting suit, i.e., a prior mortgage foreclosure action. Later, the court ruled that the mortgage foreclosure proceeding was not the proper procedure to test the validity of the tax sale, and plaintiff immediately instituted the present action.

Defendants argue that plaintiff's mortgage was in default since 1974 and that the mortgage foreclosure action was not instituted until 1979, hence, laches applies. While the five-year delay might be raised by the mortgagor to bar the mortgage foreclosure action, this delay is irrelevant and can not serve as a basis for the defense of laches in the equity action. The only relevant delay in the equity action was the period from October, 1977, when the property was sold at tax sale, until April of 1981 when the complaint in equity was filed. That period of delay has been adequately explained and no lack of due diligence on plaintiff's part can be imputed. In addition, no prejudice to defendants has been shown to have resulted from the delay.

Defendants also contend that the complaint should be dismissed for failure to join indispensable parties, i.e., Harry Mann and Emanuel Lewis Greene. Pa. R.C.P. 2227(a) governs the mandatory joinder of parties who have a joint interest. Goodrich-Amram, 2d, §2227(a):1 states that "if the right of the claimant is *solely* joint, they must all join as plaintiffs" (Emphasis added). In the Appeal of A. G. Properties, Inc., 70 Pa. Commw. 152, 452 A.2d 893 (1982), a mortgagee was permitted to proceed and upset a tax sale of property even though the property owners themselves had no valid cause of action.

Clearly, therefore, the rights of mortgage and the record owners in an action to invalidate a tax sale are not solely joint, and the record owners were not indispensable parties.

## ORDER

And now, this September 26, 1983, the tax sale of the subject property conducted in October of 1977, is hereby declared null and void; all instruments purporting to convey the subject property by or from the defendant, Erie County Tax Claim Bureau, to the defendant, Theodore Lawrence, are declared invalid and of no effect.

## ORDER AMENDING ORDER
## DATED SEPTEMBER 26, 1983

And now, this September 27, 1983, the previous order of this court, entered in the above captioned case on September 26, 1983, is amended so that the title is changed from "order" to "decree nisi." The parties have ten days from the date of this order within which to file exceptions to the decree nisi.

The prothonotary is directed to enter the decree nisi of September 26 as a final order of this court if no exceptions are filed within the ten day period.