Muhlenberg Township Authority, Appellant *v.* Walter H. Fisher and May Fisher and Berks County Tax Claim Bureau and Larry D. Karpenko and Donna J. Karpenko, Appellees.

Muhlenberg Township Authority, Appellant *v.* Harry Kenney and Berks County Tax Claim Bureau and Larry D. Karpenko and Donna J. Karpenko, Appellees.

Argued November 14, 1985, before Judges CRAIG and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Mark G. Yoder,* with him, *Ralph J. Althouse, Jr., Bingaman, Hess, Coblentz & Bell,* for appellant.

No appearance for appellees.

OPINION BY SENIOR JUDGE KALISH, January 24, 1986:

In the spring of 1980 Muhlenberg Township Authority (Authority) installed sewer mains along certain streets abutting lots presently owned by Larry D. Karpenko and Donna J. Karpenko (appellees).

On October 17, 1980 and on January 8, 1981, sewer liens were filed against the above lots.

Prior thereto, pursuant to scire facias proceedings, rules were issued on Authority to show cause why the lots should not be sold free and clear of the sewer lien claims at a tax sale for unpaid real estate taxes.

The properties were not sold because the upset prices were not reached. The trial court authorized rules to show cause why the lots should not be sold at a public sale to the highest bidder free and clear of all taxes and municipal claims, mortgages, liens, charges

and estates whatsoever including Authority's sewer claims.[1] Thus, the trial court discharged all liens.

These rules giving notice of the sale were served *upon Muhlenberg Township*, rather than upon *Muhlenberg Township Authority*.

The lots were sold to the Karpenkos.

In its findings the trial court indicated that Authority did not receive notice.

Authority contends that since it did not receive notice of the tax sales its liens were not discharged.

We vacate the decision of the trial court and remand.

The narrow issue raised in these appeals is the adequacy of notice to the lienholder upon the sale of a parcel of land at a tax sale under the provisions of the Real Estate Tax Law, Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §5860.602.

Our Supreme Court has made it clear that an Authority of a municipality shall in no way be deemed to be an instrumentality of such municipality in the performance of a municipal function. *Belovsky v. Redevelopment Authority of Philadelphia*, 357 Pa. 329, 54 A.2d 277 (1947).

They are independent agencies of the Commonwealth and part of its sovereignty. *Commonwealth v. Erie Metropolitan Transit Authority*, 444 Pa. 345, 281 A.2d 882 (1971).

The purpose of the issuance of a writ of scire facias is to warn a lienholder of the existence of a claim so that he may make known any defenses he may have and to show why the property should not be under

---

[1] Section 1 of the Real Estate Tax Law, Act of July 10, 1969, P.L. 146, *as amended*, 72 P.S. §5860.610, provides that "[i]n all cases where the upset price shall not be bid . . . the court shall grant a rule upon all parties . . . to show cause why a decree should not be made that said property be sold, freed and cleared of their respective claims. . . ."

judicial subjection of a municipal lien. Notice provisions must be complied with. Otherwise, it becomes a deprivation of property without due process. *Chester County Tax Claim Bureau Appeal,* 208 Pa. Superior Ct. 384, 222 A.2d 602 (1966).

In *First Pennsylvania Bank, N.A. v. Lancaster County Tax Claim Bureau,* 504 Pa. 179, 470 A.2d 938 (1983), our Supreme Court, pursuant to a remand from the U.S. Supreme Court *(First Pennsylvania Bank, N.A. v. Lancaster County Tax Claim Bureau,* 463 U.S. 1201 (1983)), held that the notice provision contained in the Real Estate Tax Law, which did not require either personal service or notice by mail to a *second mortgagee* of impending tax sale, violated due process rights of such mortgagee. In *In Re Upset Sale, Tax Claim Bureau of Berks,* 505 Pa. 327, 479 A.2d 940 (1984), our Supreme Court extended the due process protections *to lienholders generally.* "[H]ow are lienholders to exercise their statutory rights, redeem the property, or timely object to the tax sale, when they are not given notice?" *Id.* at 337, 479 A.2d at 945. Furthermore, the tax sale immediately and drastically diminished the value of the lien by granting the purchaser title free of all liens without an opportunity to be heard by the lienholder because of no notice.

Failure to give notice does not discharge the lien and purchasers take the property subject thereto. *Thomas Tax Sale Petition,* 10 Pa. D. & C. 2d 686 (1957).

Therefore, the orders of the trial court are vacated and the records remanded for proceedings consistent with this opinion.

### ORDER

The order of the Court of Common Pleas of Berks County, Nos. 80 March, 1983, A.D. and 70 January, 1981, M.L.D., dated November 15, 1984, is vacated. The

record is remanded to the Court of Common Pleas of Berks County for further proceedings consistent with this opinion.

### ORDER

Now, February 3, 1986, the Order entered January 24, 1986, is amended to read as follows:

### AMENDED ORDER

The orders of the Court of Common Pleas of Berks County, Nos. 81 March, 1983, A.D. and 130 October, 1980, M.L.D., dated November 15, 1984; and Nos. 80 March, 1983, A.D. and 70 January, 1981, M.L.D., dated November 15, 1984, are vacated. The records are remanded to the Court of Common Pleas of Berks County for further proceedings consistent with this opinion.

Judge PALLADINO concurs in the result only.