**In Re: Sale of Real Estate By Luzerne County Tax Bureau**

*Jonathan A. Spoher* and *Terrence J. Herron,* for petitioner.

*Thomas Rozycki,* for respondent.

BROMINSKI, *J.*, April 16, 1987 —

## FACTS

The case now before the court concerns the result of a tax sale conducted by the Luzerne County Tax Claim Bureau (bureau) in which certain property was sold to respondent David E. Dulsky (Dulsky). On or about September 30, 1980, petitioner herein, United Penn Bank (the bank), perfected a certain security interest in a mobile home owned by Charles Ulitchney by recording the same with the Pennsylvania Department of Transportation in its main office in Harrisburg, Pa. On August 1, 1986, a petition to sell tax delinquent property, being the mobile home, free and clear of all liens and encumbrances was presented to this court by the bureau. This petition failed to list the bank as a lienholder due to a defective search performed by bureau's independent attorneys and staff. In response to this petition, this court entered an order and rule returnable on all parties in interest to appear before the court to show cause why the free and clear tax sale should not be conducted. Petitioner, however, not being listed as a party in interest or as a record lienholder, was not served with the petition and order until August 26, 1986, 25 days after said order was signed. Thus, service of the petition and order was made less than 48 hours before a hearing was held to determine whether a free and clear tax sale could be conducted. Subsequently, on December 5,

1986, a free and clear tax sale was conducted wherein respondent, Dulsky, purchased title to the mobile home in question by paying the delinquent tax amount; title was therefore transferred to respondent Dulsky free and clear of petitioners' lien which secured an obligation owed to petitioner by Ulitchney of approximately $2,700. At that time, or soon thereafter, the bank became aware of the sale and appealed pursuant to §5860.607(b) of the Pennsylvania Real Estate Tax Sale Law, 72 P.S. §5860.607(b). For the reasons set forth herein, the bank seeks the following remedy, to wit

"Wherefore, petitioner respectfully requests this honorable court to set aside and invalidate the free and clear tax sale held in the above-captioned matter on December 5, 1986 and direct that a new sale be scheduled affording all parties in interest due and property notice thereof, or alternatively, issue an order directing that Dulsky take title to the mobile home subject to petitioner's lien thereon."

## DISCUSSION

Pursuant to §5860.610 of the Pennsylvania Real Estate Tax Sale Law, 72 P.S. §5860.610:

"Upon the presentation of such petition, accompanied with searches, showing the state of the record and the ownership of the property and all tax and municipal claims, liens, mortgages and ground rents against the same, the court shall grant a rule upon all parties thus shown to be interested to appear and show cause why a decree should not be made that said property be sold, free and clear of their respective claims, liens, mortgages and ground rents."

The purpose of this notice provision is to provide adequate and reasonable notice to all lienholders of the property in question in order that they might ex-

ercise their "statutory rights, redeem the property, or timely object to the tax sale." Muhlenberg Township Authority v. Fisher et al, 94 Pa. Commw. 351, 503 A.2d 1022 (1986), citing In Re: Upset Sale, Tax Claim Bureau of Berks, 505 Pa. 327, 479 A.2d 940 (1984). Due process of the law requires that all interested parties be provided with notice lest they lose their interest without an opportunity to be heard. Patterson v. Oakes, 260 Pa. Super. 415, 394 A.2d 995 (1978); Area Homes Inc. v. Harbucks Inc., 75 Pa. Commw. 97, 461 A.2d 357 (1983); Foulk v. Albert, 387 Pa. 193, 127 A.2d 691 (1956). Moreover the "notice requirements of the Tax Sale Law must be strictly adhered to." (Citations omitted.) Area Homes, supra at 358; Patterson, supra; Wistar v. Kammerer, 2 Yeates 100, 104 (1796); Chester County Tax Claim Bureau Appeal, 208 Pa. Super. 384, 222 A.2d 602 (1966).

In the case now before the court, petitioner bank legally perfected its lien by filing with the Pennsylvania Department of Transportation in its main office in Harrisburg. The bureau, while conducting its search, failed to uncover this lien although this court is unable to discern any reason why a search of PennDOT was not performed. By their very nature, mobile homes are "vehicles" and, therefore, any liens against them would be filed with PennDOT. Nonetheless, the bureau failed to discover the bank's interest until either August 24 or August 25, 1986. See Stenographer's Record at 19. Subsequently, on August 26, 1986, only two days before the scheduled hearing on the bureau's petition to sell tax delinquent property, a copy of the notice of sale was deposited at the offices of the bank. (The notice, however, was not transmitted to the proper parties, and therefore the bank was not aware of the petition or the sale until after it had

been completed.) Regardless of what might be said about the bank's internal operations, a two-day notice is not reasonable notice nor does it comply with the provisions of the Tax Sale Law.

In Appeal of A. G. Properties Inc., 70 Pa. Commw. 152, 452 A.2d 893 (1982), the Commonwealth Court has an opportunity to address the very issue as to whether actual advance notice which did not strictly comply with the law is sufficient to sustain a free and clear tax sale. In that instance, the court held that it would not remand the case to determine whether advance actual notice was provided to the lienholder insofar as the notice provided was defective and did not strictly comply with the statute. Id. at 895-896. This court accepts the reasoning set forth therein and holds that the defective notice provided by the bureau did not supply the bank with its due process right to be heard.

Since the notice was defective, the tax sale which subsequently discharged the property to respondent Dulsky was not a valid sale. Rather than invalidate the sale, however, a more equitable solution would be to compel Mr. Dulsky to take the property subject to the bank's lien. Pennsylvania Courts have so held, and this court sees no reason to do otherwise. Thomas Tax Sale Petition, 10 D.&C. 2d 686 (1957): ("Since the crux of section 610 and section 611 of the act is that all interested parties have notice of the proposed sale before their liens can be legally discharged, it then follows that by failure in this case to give such notice to this petitioner, its lien has not been discharged; and as to it, the purchasers . . . took and held this property subject to the lien in question."); Muhlenberg, supra at 1024: ("failure to give notice does not discharge the lien and purchasers take the property subject thereto.") (Citation omitted.) Aronauer v. Livingston, Sheriff,

66 D.&C. 2d 592 (1974): ("a defective title search which resulted in a sale without notice to lienholder would not divest property of its liens.")

Respondent Dulsky, however, argues that the Bank cannot now assert its position since it has been guilty of laches. "The question of laches is factual and is determined by examining the circumstances of each case." Leedom v. Thomas, 473 Pa. 193, 200-201, 373 A.2d 1329, 1332 (1977). In order to find laches, the court must find that a period of inordinate delay has passed during which the party asserting laches was prejudiced. In the cases cited by respondent Dulsky, the court did not find three years or six years an inordinate delay. Kehoe v. Gilroy, 320 Pa. Super. 206, 467 A.2d 1 (1983) (six years); Farrell Area School District v. Deiger, 88 Pa. Commw. 431, 490 A.2d 474 (1985) (three years).

In this case, the bank filed its appeal on January 6, 1987, a month after the tax sale. In light of the cases cited by respondent Dulsky, and by reason of this court's own judgment, the delay was not inordinate and did not result in prejudice to respondent.

For the reasons set forth herein, the court enters the following

## ORDER

It is hereby ordered, adjudged and decreed that the petition of the United Penn Bank to strike the free and clear sale is granted. It is further ordered and decreed that insofar as respondent, David E. Dulsky, he shall be allowed to take the subject property subject to the lien of United Penn Bank. He shall exercise his option to take the subject property subject to the United Penn Bank lien within 20 days from the date of this decision. Notice shall be given to the United Penn Bank and the Luzerne County

Tax Claim Bureau. If he does not choose to exercise the option, the sale will be declared void, and this order shall be a final order at the expiration of 30 days from the 20 days aforesaid.