In Re: Sale of Properties by Indiana County Tax Claim Bureau for Unpaid Tax Claims. Gertrude Wanchisn, Appellant.

Argued October 28, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Robert W. Lambert,* with him *Miller & Cope,* for appellant.

*Robert D. Douglass,* for appellee.

OPINION BY JUDGE ROGERS, December 3, 1975:

Mrs. Gertrude Wanchisn has appealed from an order of the Court of Common Pleas of Indiana County dismissing objections to the tax sale of her properties in South Mahoning Township. Mrs. Wanchisn's properties were two parcels of coal, one containing 50 acres and the other 11 acres.

Mrs. Wanchism failed to pay the 1972 taxes and the Tax Claim Bureau of Indiana County, pursuant to the Real Estate Tax Sale Law, Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §5860.101 et seq., scheduled a sale of the properties for September 9, 1974. A notice of the sale was sent to and received by Mrs. Wanchisn and the sale was duly advertised. The Tax Claim Bureau did not, however, post notice of the sale on the properties.

Section 602 of the Real Estate Tax Sale Law, 72 P.S. §5860.602, provides that the Tax Claim Bureau shall give notice of any scheduled sale by advertisement, by mail, "and by posting on the property."

After the sale of her properties by the Bureau Mrs. Wanchisn filed her objection to the failure of the Bureau to post the properties. At the hearing conducted in the court below, counsel for the Tax Claim Bureau stated that the Bureau had "never posted when coal only is involved, simply because we do not feel there is any way to post." Mrs. Mary Kathryn Frantz, Mrs. Wanchisn's daughter, testified that her mother is 79 years old, forgetful about business affairs and that she, Mrs. Frantz, had been attempting for some time to sell her mother's coal properties. She stated that she had been at their location on Labor Day, September 2, 1974, with a prospective buyer, on which occasion she might have seen a posted notice if one had been provided.

The lower court dismissed Mrs. Wanchisn's objections on the ground that, since she received the mailed notice of the sales, there was no necessity to post. This was error. The court below may have had in mind an earlier version of Section 602, 72 P.S. §5860.602, which indeed required posting only when the mailed notice was not received by the taxpayer.

The notice provisions of tax sale statutes must be strictly complied with in order to guard against the deprivation of property without due process of law. *Price-Jeffries Co., Inc. v. Tillman,* 11 Pa. Commonwealth Ct. 153, 312 A.2d 494 (1973).

The Bureau's argument that it would be absurd to construe the statute to mandate the posting of coal because the Bureau would have to place the notice underground where no one would see it is without merit. The owner of subsurface coal has the right to use the surface to extract his coal. *Schuster v. Pennsylvania Turnpike Commission,* 395 Pa. 441, 149 A.2d 447 (1959). The Tax Claim Bureau has the same power to post notices of tax sales of coal on the surface thus encumbered by the coal owner's rights as it has to post properties which happen to exist on the surface.

Order reversed.