In Re: Petition of Lillian Crouthamel.
Grace Building Co., Inc., Appellant.

Argued October 4, 1979, before Judges CRUMLISH, JR., DiSALLE and MACPHAIL, sitting as a panel of three.

*Alfred O. Breining, Jr.*, for appellant.

*Frederick W. McBrien, III*, for appellee.

OPINION BY JUDGE MACPHAIL, January 16, 1980:

This is an appeal from an order of the Court of Common Pleas of Montgomery County granting Lillian Crouthamel's petition to set aside the tax sale of two plots of land in Horsham Township, Montgomery County by the Tax Claim Bureau of Montgomery County (Bureau). We reverse.

This case is before us in a somewhat unusual posture. After the instant appeal had been filed by Grace Building Co., Inc. (Grace), Crouthamel filed a motion

to quash because Grace had neither filed exceptions to the order of the trial court nor complied with that court's order to file a concise statement of matters complained of by Grace in this appeal. Crouthamel's motion was denied by order of President Judge Bowman. Thereafter, Grace did file its statement of matters complained of with the trial court. Subsequently a stipulation of counsel was filed in our Court wherein it was stated that the order of the trial court should be reversed and judgment entered in favor of Grace and against Crouthamel. Attached to the stipulation was a motion for judgment, likewise signed by counsel for both parties. That motion was also denied by President Judge Bowman. When the case was called for argument before our Court, Crouthamel did not appear in person or by counsel and no brief was filed by her or on her behalf. Grace did file a brief and appear for oral argument. Although there is some authority for entering judgment on stipulation of the parties, *see* 5 Am. Jur. 2d *Appeal and Error* §899 (1962) and 5B C.J.S. *Appeal & Error* §1837(b) (1958) and the cases cited therein, we prefer to decide this case on the merits.

There was no hearing in the court below. From the pleadings and depositions of Crouthamel and her boarder, the lower court concluded that a sale of the subject tracts of real estate by the Montgomery County Tax Claim Bureau on May 26, 1964 was void because the Bureau failed to comply with the notice provisions of Section 602 of the Real Estate Tax Sale Law, Act of July 7, 1947 (Act), *as amended,* P.L. 1368, 72 P.S. §5860.602. Grace contends that the sale was presumptively valid, that Crouthamel failed to carry her burden of proof, that the Tax Claim was not required to give notice to Crouthamel and that Crouthamel had no standing to contest the validity of the 1964 tax sale.

Factually, the dispute concerns two tracts of real estate in a development in Horsham Township which we shall identify as lots No. 134 and No. 135. It is undisputed that both lots were sold to the Commissioners of Montgomery County by the Treasurer of Montgomery County on December 8, 1941, for unpaid taxes for the years 1935 and 1936 under the Act of May 29, 1931, P.L. 280, *as amended,* 72 P.S. §5971a *et seq.* On May 26, 1964, the Bureau sold the lots to A. O. Breinig, agent for Grace. The sale was confirmed by the Montgomery County Court of Common Pleas on September 22, 1964, and the deeds for the lots were subsequently recorded.

On October 14, 1964, Crouthamel purported to purchase lot No. 134 from one Anna L. Thomas. That deed was recorded on October 15, 1964. Crouthamel purported to purchase lot No. 135 from one John C. Miller, the duly appointed liquidating trustee of Hatboro Trust Company, by deed dated July 29, 1946, and recorded March 14, 1952. Crouthamel alleges that she has paid or has attempted to pay[1] all taxes on the properties since she purchased them.

In its opinion the trial court wrote:

Lillian Crouthamel stated that she never received any notice by mail of the tax sale in question. There is no indication that registered mail notice, personal addressee only, return receipt requested, was sent by the Bureau or received by Lillian Crouthamel.

Further, Lillian Crouthamel stated that notice of the tax sale was never posted on the two properties. Samuel Magro, a boarder in the Crouthamel residence, stated that he daily inspected the property because the trash receptacle is on the end of the property farthest re-

---

[1] The Bureau refused to accept tender of payment by Crouthamel in some years.

moved from the house, and that there never were notices posted of the May 26, 1964 tax sale. There is no evidence of any kind that the two lots were posted with notice of the tax sale. From those findings, the trial court concluded that the Tax Claims Bureau had failed to comply with Section 602 of the Act which requires that written notice of the proposed sale of real estate for non-payment of taxes shall be given to the owner and that the property shall be posted before the sale. While it did not make a specific finding on the matter of ownership, the trial court obviously considered Crouthamel to be the owner because it held the sale invalid for lack of notice to Crouthamel.

Section 701 of the Act, 72 P.S. §5860.701, provides that where the county acquired property at a tax sale before the effective date of the Act, the county shall deliver the property to the Bureau to be held and disposed of under Sections 702 and 703 of the Act, 72 P.S. §§5860.702 and 5860.703. If the property is thereafter sold at private sale, Sections 613, 614 and 615 of the Act, 72 P.S. §5860.613, 5860.614 and 5860.615, apply. If the property is exposed to public sale, then Articles III and VI of the Act, 72 P.S. §5860.301 *et seq.* and §5860.601 *et seq.,* apply, including, of course, Section 602.

Section 102 of the Act, 72 P.S. §5860.102, provides that in cases where property has been turned over by the county to the Bureau, which is the case here, *" 'owner' shall mean the county."* (Emphasis added.) Nowhere in the pleadings or testimony is the validity of the tax sale of 1941 contested. Therefore, on May 26, 1964, the date of the sale in question here, the county, not Crouthamel, was the owner entitled to the various notices required by Section 602. The required notice is not for the benefit of the public generally. Therefore, one who is neither an "owner" nor a lien-

holder cannot complain of noncompliance with the notice provisions. The notice provisions of the Act are for the purpose of preventing owners from being deprived of their property without due process of law, *Huhn v. Chester County,* 16 Pa. Commonwealth Ct. 18, 328 A.2d 906 (1974), and to protect the interests of lienholders. Since Crouthamel is neither an owner nor a lienholder, the alleged failure of the Tax Claim Bureau to give notice to her does not invalidate the sale.

Accordingly, the order of the trial court must be reversed.

ORDER

AND Now, this 16th day of January, 1980 the order of the Court of Common Pleas of Montgomery County dated October 27, 1976, is reversed and judgment is entered for Grace Building Co., Inc., and against Lillian Crouthamel.

This decision was reached prior to the expiration of the term of office of Judge DiSALLE.