In Re: Sale by the Lawrence County Tax Claim Bureau of 10.85 Acres of Land Situate in Wayne Township, Lawrence County, Pa.

Charles J. Kraus and Elaine Kraus, his wife, Appellants.

534

Argued March 13, 1980, before Judges WILKINSON, JR., MENCER and MACPHAIL, sitting as a panel of three.

*Richard J. Audino, Rea & Audino,* for appellants.

*Frank G. Verterano* and *Charles W. Garbett,* for appellees.

OPINION BY JUDGE WILKINSON, JR., April 16, 1980:

This is an appeal by Charles J. Kraus and Elaine Kraus, his wife (appellants) challenging the validity of a tax sale conducted pursuant to the provisions of the Real Estate Tax Sale Law (Law), Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §5860.101 et seq. For the reasons which follow we must dismiss the instant appeal.

For purposes of the present appeal, the relevant facts are undisputed and can briefly be summarized. The tax sale land in question consists of 10.85 acres

located in Wayne Township, Lawrence County. The Borough of Ellwood City (Borough) entered into an Article of Agreement with appellants on December 18, 1974 for the purchase of the land. Under the terms of the agreement the purchase money was to be paid by the Borough in installments with the final payment due on or before May 1, 1977. The final payment was timely made. The agreement additionally provided that "[t]he [appellants] shall pay all taxes levied on the real estate for 1974 and all real estate taxes levied thereafter shall be paid by the Borough of Ellwood City."

The agreement was not recorded and the parties failed to inform the taxing authorities of the change in ownership. As a result, taxes assessed against the property in 1975, 1976, and 1977 went unpaid; and the property was sold on October 31, 1977 for delinquent 1975 real estate taxes.

Appellants challenge the validity of the tax sale on the ground that the Borough was an "owner" within the meaning of the Law and entitled to the protection of its notice provisions.[1] Since this Court is in agreement with the common pleas court's determination that appellants lack standing to pursue this appeal, we need not address the merits of their substantive legal arguments.

The appropriate analysis underlying the legal concept of standing was discussed by our Supreme Court in *Wm. Penn Parking Garage, Inc. v. City of Pittsburgh,* 464 Pa. 168, 346 A.2d 269 (1975). "The core concept, of course, is that a person who is not adversely affected in any way by the matter he seeks to challenge is not 'aggrieved' thereby and has no stand-

---

[1] Section 602 of the Law, 72 P.S. §5860.602 requires *inter alia* that notice be given by the tax claim bureau by U.S. certified mail "to each owner as defined by this act." Section 102 of the Law, 72 P.S. §5860.102 in turn defines "owner".

ing to obtain a judicial resolution of his challenge.'' *Id.* at 192, 346 A.2d at 280.

This Court is unable to perceive how appellants are aggrieved by the instant tax sale. At the time of the sale, appellants had received from the Borough the full purchase price, and a deed for the property was prepared, executed, and recorded on November 28, 1977. Appellants offer but one explanation for how they are aggrieved by the tax sale; it is asserted that they are potentially liable to the Borough for breach of warranty of title. An examination of the relevant legal principles provides no support for such a suggestion.

The agreement of sale with the Borough required appellants to "execute and deliver . . . a good and sufficient deed . . . free from all encumbrances.'' The general rule is well established "that a vendee in a contract for the sale of real estate may rely upon an express covenant to convey title 'free and clear of all, encumbrances', and this has been so even though the vendee knew of an encumbrance which affected title.'' *Ziskind v. Bruce Lee Corp.,* 224 Pa. Superior Ct. 518, 523, 307 A.2d 377, 379 (1973).

The rule in *Ziskind,* however, is applicable to defects known to the vendee at the time of the agreement. In the present situation, no defect or encumbrance existed at the time of agreement; it arose during the term of the installment agreement. The question than is who bears the risk of loss for injury during the term of the contract.

It is well established in Pennsylvania that when an unconditional agreement for the sale of land is signed, the purchaser becomes the equitable or beneficial owner through the doctrine of equitable conversion. The vendor retains a mere security interest for the payment

of the unpaid purchase price. . . . The equitable owner bears the risk of loss for injury occurring to the property after execution of the agreement of sale before the settlement.

. . . .

Nevertheless, buyers cannot complain of an encumbrance caused by their own failure to pay a debt for which they are responsible. 'Encumbrances created, induced, or suffered by the purchaser under a contract of sale may not be urged by him as an objection to the title, nor do they constitute a breach of warranty in the vendor's deed given in pursuance of the contract of sale,' C.J.S. Vendor & Purchaser §201. This rule is but one instance of the general principle that a party to a contract may not complain of a breach which has been caused by his own default. (Citations and footnote omitted.)

*Byrne v. Kanig*, 231 Pa. Superior Ct. 531, 535-37, 332 A.2d 472, 474-75 (1974).

There could hardly be a clearer case than the instant one in which action or inaction on the part of the vendee has resulted in injury to the title to the property. Since appellants received the agreed purchase price in full and were not liable for the delinquent real estate taxes which precipitated the tax sale they were not aggrieved by that sale and lack standing to challenge its validity.

Accordingly, we will enter the following

## ORDER

AND Now, April 16, 1980, the appeal of Charles J. Kraus and Elaine Kraus, his wife to the order of the Court of Common Pleas of Lawrence County dated February 20, 1979 at Docket No. 5-D of 1978 is hereby dismissed.