**Little Appeal**

*Catherine Gault* and *N. Christopher Menges,* for appellants.

*David K. James,* for tax claim bureau.

SPICER, *P.J.,* March 24, 1981—We have before us for disposition exceptions and objections filed to two sales conducted by the Adams County Tax Claim Bureau for delinquent taxes. The exceptants are Paul D. Little and Emma J. Little who were the owners of an improved residential property. They were classified as an owner occupant under the act, infra, section 102. Phillip Sheely and Norma Sheely were the owners of unimproved real estate.

We will refer to the parties by their last names hereafter and the Adams County Tax Claim Bureau as the bureau. The cases involve notice requirements under the Real Estate Tax Sales Law of July 7, 1947, P.L. 1368, 72 P.S. §5860.101 et seq., as most recently amended July 10, 1980, P.L. 417. We will refer to this act as the act.

We held a hearing in these cases and have previously ruled on all exceptions and objections except those pertaining to posting of the premises. We will discuss each case separately.

## APPEAL OF LITTLE

The constable who was posting notices for the bureau went to the Little property on August 5, 1980. In order to save the Littles embarrassment he did not post notice of the tax sale. Instead, he went to the kitchen door, knocked, and when Mrs. Little answered, handed the notice to her.

Later, on August 11, 1980, the sheriff served Mr. Little personally with a notice in proper form. The tax sale was conducted September 8, 1980.

Under section 601a of the act, effective July 10, 1980, notice to the Littles was required to be given personally at least ten days before sale by the sheriff or his designee. Posting was also required under provisions of section 602.

The provisions of the act have been amended several times. Reading cases which appear pertinent, one is apt to discover that it deals with different notice requirements. Prior to 1959, posting was required only if mailed notice was not delivered. Posting as an additional form of notice was added in 1959.

It would seem clear, however, that failure to post

the property invalidates the sale. The Common-wealth Court (panel) held that failure to post in-validated a sale when an owner had received notice by mail: In re Sale of Properties by Indiana County Tax Claim Bureau for Unpaid Tax Claims: Wan-chisn, 22 Pa. Commonwealth Ct. 147, 348 A. 2d 440 (1975). That court said that there must be strict compliance with the notice provisions of the act.

In another case, Judge Morgan, writing for Dauphin County Court, said, "It has been clearly stated that the Real Estate Tax Sale Law makes all three types of notice* necessary for the validity of any tax sale [citations omitted]." Och v. Hicks, 96 Dauph. 328, 329 (1974).

This being so, the personal service effected Au-gust 5, 1980, cannot act as a substitute for posting. When a statute specifies the manner of giving notice, that method is exclusive: The Gettysburg National Bank v. Trace, 21 Adams 184 (1980).

The exception of the Littles will be sustained and the sale invalidated.

## APPEAL OF SHEELY

A notice of claim was posted on the unimproved lot June 26, 1980. The notice of sale was posted August 10, 1980. The notices were exact copies of published and mailed notices. Information re-quired by section 602 of the act was reproduced on the copy either by carbon or by a sensitive process.

Curtis Fissel, the constable who posted the prop-erty, testified that the notice of claim posted in June was illegible in August. Nevertheless, all informa-tion required by the act was on both notices when posting was accomplished.

---

*Publication, registered (certified) mail and posting.

The Sheelys moved to Florida on August 1, 1979 and then to outside Abbottstown some three months before the hearing. They visited their lot in August, 1980 and saw and removed both posted notices. These notices were introduced and were in the same condition at the hearing as at the time removed.

The notice of claim was totally illegible except for a portion on the bottom where there clearly appeared a printed portion. This printed material was in the form of a rectangle divided into boxes and spaces for the listing of figures. All figures were completely invisible except for two which had been entered apparently by a felt tip pen. The other entries, reproduced by either carbon or by sensitized paper, had simply vanished.

Included in the clearly legible portion was the following:

TOTAL CLAIM -
    if paid BY DECEMBER 31, NEXT 81.22 After December 31, NEXT add 1/2% Interest Per Month or any portion thereof to FACE OF TAX

Much of the above was printed in bold type.

On the notice of sale there appeared the following:

Warning. "Your property is about to be sold without your consent for delinquent taxes. Your property may be sold for a small fraction of its fair market value. If you have any questions as to what you might do in order to save your property, please call your attorney, the Tax Claim Bureau at the following telephone number: (717) 334-6781, or the Legal Aid Service at the following telephone number: (717) 334-7623."

The notice of sale was legible as to all printed matters but information that had to be added on the form notice for that particular sale were completely faded. Thus, the date and time of the sale, among other items, were not visible.

The Sheelys claim they were misled by the two notices; on the notice of claim, reference was made to December 31, next. No date appeared on the notice of sale. Thus, they say they assumed that the tax could have been paid by December 31, 1980. Further, they say that they had believed the taxes to have been paid when they settled for the property in question.

The sole issue at this point is whether the posted notice should have been weather resistant. The Sheelys say that this type of notice is akin to writing with disappearing ink. Certainly, most of the crucial information disappeared.

Section 602 of the act does not specifically set forth the contents of posted notices except to require they be similar to the notices sent and advertised. We interpret "similar" to require the same specific information contained in mailed and advertised notices. As seen by the Sheelys, the posted notice did not contain the time of the sale, the place of the sale, the terms of the sale, including the upset price, and the description of the property.

Therefore, the Sheelys say they did not inquire about the sale until October, a month after the sale.

We can find no cases on point. Therefore, we are left to rely upon our own reasoning.

Although the sale notice clearly and unequivocally instructs the reader to contact the bureau immediately, no date for a sale appeared when the Sheelys saw the notice. Reading both notices to-

gether, we can see how the owners mistakenly assumed they had until December 31, 1980 to act.

We hold that notices which are exposed to the elements should be readable for a reasonable time. Therefore, they should be weather resistant. We conclude that the type notices used in this case did not conform to this requirement and did not constitute posting within the meaning of the act.

Comparing the staying power of inked in figures which remained readable with those reproduced by carbon or sensitized paper which did not, shows clearly that requiring weather resistant notices should not impose an unreasonable burden on the bureau.

Accordingly, the attached order will be entered.

## ORDER

And now, March 24, 1981, the exceptions and objections of both Paul D. Little and Emma J. Little, and of Phillip Sheely and Norma Sheely are sustained and the tax sales are declared invalid.