70 Pa. Commonwealth Ct. 152 (1982)
In Re: Tax Sale of September 12, 1977, under the Real Estate Tax Law of 1947. A.G. Properties, Inc., Appellant.
No. 2563 C.D. 1980.
Commonwealth Court of Pennsylvania.
Argued September 13, 1982.
November 23, 1982.
*153 Argued September 13, 1982, before Judges ROGERS, WILLIAMS, JR. and CRAIG, sitting as a panel of three.
James H. Stewart, Jr., Nauman, Smith, Shissler & Hall, for appellant.
Richard L. Kearns, Caldwell, Clouser & Kearns, for appellee, Bank of Virginia.
F. Hastings Griffin, Jr. and Bernard A. Ryan, Jr., Dechert, Price & Rhoads, for appellee, Best Products Co., Inc.
OPINION BY JUDGE CRAIG, November 23, 1982:
A.G. Properties, Inc., the successful bidder for real property sold by the Tax Claim Bureau of Dauphin County to recover delinquent taxes, appeals from an order of the Court of Common Pleas of Dauphin County, setting aside the tax sale, which was conducted under the Real Estate Tax Sale Law.[1]
*154 The factual history is as follows: Ereno and Mary Lewis and their son Ereno Lewis, Jr. (owners) are owners of land divided by Pennsylvania Route 230. They live in dwellings on the west side of Route 230. After construction of Route 230, they purchased additional land, tax parcel 63-27-61 (parcel 61), which is adjacent to their property on the east side of Route 230.
The owners leased parcel 61 as vacant land in 1973 to Best Products Co., Inc., as tenant under a thirty-year lease, pursuant to which Best currently occupies the parcel, on which a large retail showroom now exists.[2]
As a result of a dispute between the owners and the tenant as to who was responsible for paying real estate taxes, no one paid 1975 and 1976 taxes on parcel 61. On July 29, 1977, the bureau sent a notice of tax sale to the owners under the notice provisions of Section 602 of the Law.[3] On August 18, 1977, a deputy sheriff posted copy of the notice at the owners' house. All parties agree that no notice was posted on parcel 61, the property occupied by Best as tenant.[4]
On September 12, 1977, parcel 61 was sold at a tax sale for $41,497.18. Best claims that the market value of the property is much greater. A.G. Properties was the purchaser at the tax sale. One of the principals of A.G. Properties is Franklin S. Brown, who formerly had been the owners' attorney.
*155 On November 9, 1977, the court of common pleas, under Section 607 of the Law,[5] entered a decree nisi confirming the tax sale subject to the filing of exceptions. The tenant filed exceptions on November 23, 1977, and a lienholder of the property, the Bank of Virginia, filed exceptions on December 8, 1977. As a result of these exceptions, the common pleas court expressly excepted parcel 61 from a decree of absolute confirmation involving other properties, entered on January 11, 1978. By petition dated April 5, 1978, the bureau informed the common pleas court that notice of the pending sale had not been posted on parcel 61 as required by Section 602 of the Law, and therefore requested that the sale be invalidated. Accordingly, on October 6, 1980, the common pleas court entered an order that the decree nisi be set aside and that the sale of parcel 61 be invalidated. A.G. Properties, in appealing from this order, challenges the standing of the tenant and lienholder to file exceptions, questions the bureau's standing, and also asserts that the notice given to the owners was adequate and therefore legally effective.
Here the exceptions of the lien creditor, as well as those of the tenant, questioned the regularity of the *156 sale,[6] asserting that no notice of sale was posted on parcel 61, as required by Section 602 of the Law, which requires, in relevant part, that, "[i]n addition to . . . publication, similar notice of the sale shall also be given by the bureau . . ., by United States registered mail . . . to each owner . . . and by posting on the property."
The tax sale purchaser contends that, where the owner has received notice, strict application of the notice requirements in Section 602 is inappropriate.[7] However, as this court indicated in Grace Building Co., Inc. Appeal, 48 Pa. Commonwealth Ct. 507, 511, 412 A.2d 645, 647 (1980), Section 602 notice provisions "are for the purpose of preventing owners from being deprived of their property without due process of law, (citation omitted), and to protect the interests of lienholders." (Emphasis added.) Therefore, actual *157 knowledge by the owner should not affect the separate right of a lienholder to invalidate the sale.
The purchaser also contends, however, that the lienholder had actual advance knowledge of the tax sale and therefore is precluded from filing exceptions challenging the alleged procedural deficiencies of the sale. Although no case apparently exists in which a lienholder had actual knowledge, a number of decisions have discussed the situation where an owner has possessed actual advance knowledge of the sale.
In Sale of Properties by Indiana County Tax Claim Bureau, 22 Pa. Commonwealth Ct. 147, 348 A.2d 440 (1975), we reviewed a common pleas court decision which had dismissed the owner's objections to a tax sale holding that, because the owner had received the mailed notice of the sale, no need to post notice existed. However, our court, in a decision by Judge ROGERS, ruled that the sale could be invalidated in the absence of posting, notwithstanding the owner's knowledge, emphasizing that "the notice provisions of tax sale statutes must be strictly complied with in order to guard against the deprivation of property without due process of law." Id. at 149, 348 A.2d at 442.
Judge ROGERS' decision in Indiana County Tax Claim Bureau is consistent with the strict view expressed by our Supreme Court in Teslovich v. Johnson, 486 Pa. 622, 406 A.2d 1374 (1979), where the court ruled that a tax claim bureau must send notice of a proposed tax sale under Section 602 to each named owner of the property, regardless of whether that owner holds title in common, in joint or by the entireties. The implication of this strict requirement is that the result is unaffected by whether or not an owner had actual knowledge if he or she did not receive notice in the manner required by Section 602. Teslovich reflects the view expressed over a century ago in *158 Broughton v. Journeay, 51 Pa. 31 (1865), that "unofficial and unauthorized notice is no notice within [a statute governing real estate tax sales]." Id. at 35.
Although Hess v. Westerwick, 366 Pa. 90, 76 A.2d 745 (1950); Stephens Appeal, 53 Pa. Commonwealth Ct. 423, 419 A.2d 206 (1980), and Everett, Inc. v. Ayres, 22 Pa. Commonwealth Ct. 422, 349 A.2d 514 (1975), contain general discussion regarding the possible effect of the owner's possession of full and timely actual advance knowledge of the sale, the courts, in those cases, invalidated the sale because of faulty notice procedure.[8] Therefore, we see no purpose in remanding this case to the court of common pleas, as the purchaser suggests, for a determination of whether the lienholder had actual advance notice of the sale.
In so ruling, we note that the judicial requirement that the notice provisions of Section 602 must be strictly followed reflects recognition that "the posted notice and most certainly the advertisement notice are [probably] aimed at a far greater range of interested parties than merely the owner to whom the registered mail notice is directed." Hicks v. Och, 17 Pa. Commonwealth Ct. 190, 193, 331 A.2d 219, 220 (1975).
Accordingly, the decision of the common pleas court is affirmed.

ORDER
Now, November 23, 1982, the order of the Court of Common Pleas of Dauphin County, No. 3883 S 1977, dated October 6, 1980, is hereby affirmed.
NOTES
[1] Act of July 7, 1947, as amended, P.L. 1368, 72 P.S. 5860.101  5860.803.
[2] The owners leased the property to Land Builders, Inc., which in turn assigned the lease to Catalogue Finance, Inc., which in turn leased to Best.
[3] 72 P.S. § 5860.602.
[4] The deputy sheriff who posted the notice on the owners' property indicated that he had difficulty locating parcel 61 because the Best building bore no address, and therefore he posted the notice on the owners' property located on the opposite side of Route 230, knowing that they owned parcel 61.
[5] Section 607(a) of the Law, 72 P.S. § 5860.607(a), requires the bureau to prepare, within sixty days after a sale, a consolidated return detailing the sale. "Upon the presentation of said return, if it shall appear to said court that such sale had been regularly conducted. . ., the said return and the sales so made shall be confirmed nisi." Any "objection or exceptions [to the sale] may be filed by any owner or lien creditor within sixty (60) days after the date of return, otherwise the return will be confirmed absolutely." 72 P.S. § 5860.607(b) (3). Pursuant to Section 607(d), "[a]ny objections or exceptions to such a sale may question the regularity of the proceedings of the bureau in respect to such sale. . . ." 72 P.S. § 5860.607 (d). Finally, Section 607(e), 72 P.S. § 5860.607(e), provides that the sale shall be invalidated if such objections or exceptions are sustained.
[6] Because we conclude that the lien creditor has standing, we need not consider the issues regarding the standing of a tenant, compare Kraus Appeal, 50 Pa. Commonwealth Ct. 533, 413 A.2d 1162 (1980) (reliance on Wm. Penn Parking Garage, Inc. v. City of Pittsburgh, 464 Pa. 168, 346 A.2d 269 (1975), to ascertain standing) and Grace Building Co., Inc. v. Clouser, 5 Pa. Commonwealth Ct. 110, 412 A.2d 645 (1980) (strict construction of 72 P.S. § 5860.602 notice and standing requirements to challenge irregularity), and whether the bureau can petition the court after confirmation nisi, see e.g., DiCenzo Appeal, 52 Pa. Commonwealth Ct. 595, 598, 416 A.2d 617, 618 (1980), rev'd. on other grounds, In Re: Tax Claim Bureau, German Twp., 496 Pa. 46, 436 A.2d 144 (1981) ("[i]n the absence of statutory or case law authority or rule of procedure permitting the Bureau to file such a petition the trial court had no jurisdiction to hear it.")
[7] The purchaser's reliance on Bolen Real Estate Tax Sale, 393 Pa. 377, 143 A.2d 339 (1958), to support its position that where the owner of property previously knew of the sale, he could not then challenge the notice provisions, is inappropriate. Bolen involved the description of the property contained in the notice provisions of 72 P.S. § 5860.309 which expressly do not establish an exclusive method for notification. Furthermore, here a lien creditor, not the owner, challenged the sale.
[8] In our recent decision, Appeal of Annabella D. Mosser, 68 Pa. Commonwealth Ct. 461, 449 A.2d 86 (1982), we affirmed the decision of the common pleas court which stressed that the property owner had actual notice, but which also concluded that the tax sale had been conducted pursuant to the provisions of the law then applicable.