## Guseman v. Vlahovski

*William E. Duffield*, for plaintiffs.
*Robert L. Webster Jr.*, for defendants.

FRANKS, *J.*, February 18, 1987—The instant case is before us on plaintiffs' action to quiet title. The property in question was purchased at a tax sale set by the Fayette County Tax Claim Bureau. Defendants argue that the sale was invalid as the tax claim bureau failed to properly post the property under 72 P.S. §5860.602(e)(3). Plaintiffs assert that defendants had actual notice of the sale, which was personally served on them. In addition, plaintiffs argue that defendants failed to specifically deny the propriety of the actions of the tax claim bureau in their answer and are, therefore, precluded from raising the issue at the hearing. After review of the arguments of counsel, the briefs submitted by the parties and the applicable law, we find that the tax claim bureau failed to comply with the Real Estate Tax Sale Law, Act of July 7, 1947, P.L. 1368, art. I, 72 P.S. §5860.101 et seq.

Initially, we deal with plaintiffs' contention that defendants failed to deny the regularity of the sale

and, therefore, admitted the same. In paragraph 3 of their answer, defendants state, inter alia, "On the contrary, it is averred that the tax claim bureau of Fayette County, Pa., failed to comply with the statutorily prescribed notice requirements established by the said Real Estate Tax Sales Law." We find this denial sufficient to place the question of notice at issue in the pleadings.

Section 5860.602(e)(3) states, "Each property scheduled for sale shall be posted at least 10 days prior to the sale." The evidence adduced at the hearing clearly shows that the property was not posted and that the notice to be posted was handed to one of the defendants.

Plaintiffs argue that this personal service extinguishes the need to post the property. While we agree that defendants had actual notice, we are constrained by current case law from removing the necessity to post the premises. In *A. G. Properties Inc. Appeal*, 70 Pa. Commw. 152, 452 A.2d 893 (1982), the court overturned a sale for failure to post even though the objecting lienholder had actual notice. In deciding the case, the court relied upon case law which dealt with the posting requirement when the owners have actual notice.

In *Sale of Property by Indiana County Tax Claim Bureau*, 22 Pa. Commw. 147, 348 A.2d 440 (1975), we reviewed a common pleas court decision which had dismissed the owner's objections to a tax sale holding that, because the owner had received the mailed notice of the sale, no need to post notice existed. However, our court, in a decision by Judge Rogers, ruled that the sale could be invalidated in the absence of posting, notwithstanding the owner's knowledge, emphasizing that "the notice provisions of tax sale statutes must be strictly complied with in order to guard against the deprivation of property

without due process of law." Id. at 149, 348 A.2d at 442. *A. G. Properties Inc.,* at 70 Pa. Commw. 157, 452 A.2d 895.

We find that the defendants were not afforded the proper notice requirements under the Real Estate Sales Tax Act. Therefore, defendants' motion to dismiss plaintiffs' complaint should be granted.