# Harrold v. Westmoreland County Tax Claim Bureau

*Timothy J. McCormick,* for plaintiffs.
*Aaron M. Kress,* for defendant.

ACKERMAN, *J.,* April 23, 1991—

## FINDINGS OF FACT

(1) On September 10, 1990, the director of the Westmoreland County Tax Claim Bureau exposed for sale and sold three parcels of land owned by plaintiffs identified as map no. 50-16-09-0-063, map no. 50-16-09-0-064 and map no. 50-16-09-0-066, for the failure of plaintiffs to pay $606.40 in real estate taxes due the county on these lots for the years 1988 and 1989.

(2) Prior to the sale, plaintiffs received the following notices by mail from the Tax Claim Bureau:

(a) Notice of tax claim, received July 12, 1989.

(b) Notice of tax sale, received June 30, 1990.

(3) The Tax Claim Bureau advertised the sale of the properties prior to the sale in the *Westmoreland Law Journal, Tribune-Review, Latrobe Bulletin, Standard Observer, Monessen Valley Independent* and the *Valley News Dispatch.*

370

(4) The lots in question are unimproved lots in a plan.

(5) Toni Hughes, an assessor for the Tax Claim Bureau, was directed to post the lots with sale notices, and on August 2, 1990, she placed the notices on stakes driven into the ground where she estimated the lots to be.

(6) In response to the notices sent by mail, wife-plaintiff, Fayette Harrold, made several inquires with the Tax Claim Bureau concerning the delinquent taxes, and was assured by the clerical personnel that the taxes were paid and that the notices could be ignored.

(7) Believing that there were no delinquent taxes, plaintiffs paid the taxes for 1990 on the lots in question on June 5, 1990, and disregarded the possibility of the sale of these lots, as they had been told to do.

(8) At all times material, plaintiffs had the means and ability to pay the delinquent taxes, and still seek to do so.

## CONCLUSIONS OF LAW

(1) Proper notice of the sale was given by the Tax Claim Bureau by mail and publication.

(2) The Tax Claim Bureau has failed to prove that the subject properties were properly posted.

(3) The failure to prove the physical posting of the property is cause for invalidating the sale.

## DISCUSSION

The issue before the court is whether the Tax Claim Bureau's posting of a tax sale notice in the general vicinity of a parcel to be sold complies with the requirements of 72 P.S. §5860.602 and due

process, where the agent posting the notice could not be sure that the notice was placed on the property to be sold. I conclude that such an attempt at posting fails to comply with either the statute or due process, and that the sale of plaintiffs' properties must be vacated.

The statute which allows the government to sell a taxpayer's real estate for delinquent taxes requires published notice, mail notice and posted notice of the sale. All three types of notice must be accomplished before the forfeiture of land may occur. In this case, the Tax Claim Bureau has failed to prove posting. Instead, it offers the testimony of its agent who indicated that she was sent to post the properties, which are lots without any improvements, and that she put the notices on stakes which she drove into the ground; however, since she made no attempt to make accurate measurements, and there were no landmarks to assure accuracy, she is unable to say with a degree of certainty that the notices were placed on the lots to be sold, and not on adjoining lots. Strict compliance with the notice provisions of 72 P.S. §5860.602 is necessary if a tax sale is to withstand attack. *Appeal of A.G. Properties Inc.,* 70 Pa. Commw. 152, 452 A.2d 893 (1982). Nor does it matter that plaintiffs received other types of notice, since the failure to properly post the properties is a fatal defect. *Id.*

## ORDER OF COURT

And now, April 23, 1991, it is ordered:

(1) The September 10, 1990, sale of plaintiffs' lots designated as map no. 50-16-09-0-063, map no. 50-16-09-0-064 and map no. 50-16-09-0-066 is vacated;

(2) Plaintiffs are directed to refund to the Tax Claim Bureau, within the next 10 days, the amount

**372**

of the upset price paid on each parcel, and the Tax Claim Bureau is directed to make refunds to the buyers of the amounts paid;

(3) In the event that plaintiffs have paid the 1990 taxes twice then the second payment is to be credited to plaintiffs or refunded to them.