CR 2018 LLC, Grantee of Deutsche : 
Bank National Trust Co., : 
              Appellant : 
: 
: 
      v. : 
: 
Columbia County Tax Claim Bureau :   No. 844 C.D. 2019
and Edward P. Lyons :   Submitted: December 27, 2019


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION BY
JUDGE COVEY                        FILED: April 22, 2020


       CR 2018 LLC (Appellant), Grantee of Deutsche Bank National Trust Co. (Deutsche Bank), appeals from the Common Pleas Court of the 26th Judicial District, Columbia County Branch's (trial court) June 5, 2019 order denying Appellant's Amended Petition to Set Aside Upset Tax Sale (Amended Petition). Essentially, there are two issues before this Court: 1) whether Appellant had standing to file the Amended Petition; and 2) whether the trial court erred by concluding that the Columbia County Tax Claim Bureau (Tax Bureau) met its burden of demonstrating compliance with the statutory service requirements. After review, we affirm.

       On September 25, 2017, Deutsche Bank, as Trustee, was granted a deed in lieu of foreclosure to the property commonly known as 2280 Crawford Road, Bloomsburg, Pennsylvania (Property). The "Certificate of Residence of Grantee" identified the address of the Grantee, Deutsche Bank, as 1761 East Saint Andrew Place, Santa Ana, California 92705 (Address). *See* Reproduced Record (R.R.) at 33a.

On May 1, 2018, pursuant to Section 602(e)(1) of the Real Estate Tax Sale Law (RETSL),[1] the Tax Bureau sent by certified mail, return receipt requested, restricted delivery, a Notice of Public Tax Sale (Sale Notice) to the record owner, Deutsche Bank, at the Address. The Sale Notice was signed for by "Skip Pineda," but the signature document does not indicate Skip Pineda's title or describe his authority to sign on Deutsche Bank's behalf.

On July 13, 2018, the Property was posted for upset tax sale (Tax Sale) as required by Section 602(e)(3) of the RETSL, 72 P.S. § 5860.602(e)(3). On September 10, 2018, the Property was sold at the Tax Sale to Edward Lyons (Lyons) for $631.98. The following day, as required by Section 607(a.1) of the RETSL, 72 P.S. § 5860.607(a.1), the Tax Bureau sent Deutsche Bank a notice that the Property had been sold at the Tax Sale. Notwithstanding, on November 9, 2018, Deutsche Bank purportedly sold Appellant the Property. On December 3, 2018, Appellant's representative contacted the Tax Bureau and requested the Tax Bureau to provide it with a copy of the Sale Notice. That same day, the Tax Bureau sent Appellant a letter enclosing the Sale Notice and electronic signature, and confirmed that the Property was sold at the September 10, 2018 Tax Sale.

On March 5, 2019, Appellant filed a Petition Setting Forth Objections and Exceptions to Confirmation of Upset Tax Sale alleging that Deutsche Bank was not given proper Tax Sale notice. On March 15, 2019, Appellant filed the Amended Petition. On May 1, 2019, the trial court held a hearing on the Amended Petition.

At the hearing, the Tax Bureau argued that, since Appellant had not yet purchased the Property as of the Tax Sale date, it did not have standing to file the Amended Petition. However, the trial court disagreed, and proceeded with the hearing. *See* R.R. at 38a. Renee Newhart (Newhart), the Tax Bureau's Office

---

[1] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. § 5860.602(e)(1) (requiring service by certified mail, restricted delivery).

Manager for Tax Assessment, Tax Claim and Tax Collection described the Tax Bureau's notification efforts regarding the Property's tax delinquency and the Tax Sale.[2] On June 5, 2019, the trial court held that the Tax Bureau had satisfied the statutory notice requirements, and denied the Amended Petition. In a footnote to its order, the trial court explained:

> [Section 602(e)(1) of the RETSL] requires service of notice of sale by certified mail. Per testimony of [] Newhart, notice was sent by the Tax . . . Bureau by certified mail, restricted delivery, on May 1, 2018. 'Skip Panera'[3] signed

---

[2] The Tax Bureau did not present a return receipt for any certified mail notifying Deutsche Bank of the impending Tax Sale as required by Section 602 of the RETSL, 72 P.S. § 5860.602. Instead, the Tax Bureau presented a letter from the United States Postal Service (USPS) showing the electronic signature of the recipient (USPS Letter). The trial court asked Newhart:

> [trial court]: I don't think certified mail has anything other than a box [] when you [sign] the green card. [] Newhart, this takes the place of the green card?
>
> [Newhart:] Correct.
>
> [trial court:] On the old[-]fashioned styling there was an agent for addressee box to check for restricted delivery, I think, if I am not mistaken. Do the attorneys know more about that than I do?
>
> [Tax Bureau's attorney:] I know now it is electronic. They hand you this little device[,] you are sitting behind a desk and they say 'sign here.' You sign and there it is.
>
> [trial court:] Was this sent restricted delivery?
>
> [Newhart:] Yes.

R.R. at 58a-59a. Based on this testimony, the trial court concluded that "electronic signing is the modern equivalent [to] the former 'green card' return receipt used in certified mail[,]" R.R. at 117a-118a, and found as a fact that the USPS Letter containing the electronic signature "is a signed return receipt for certified mail, restricted delivery." R.R. at 118a. However, that document does not reflect that the signatory was an authorized Deutsche Bank agent.

[3] In its opinion issued pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(a), the trial court clarified:

> Upon review, it appears that the name of the purported agent of Deutsche Bank was 'Skip Pineda' and not 'Skip Panera.' This error in the Order of June 5, 2019 is harmless, since the name of the agent of Deutsche Bank is not important. The important fact is that the

for the notice. [Appellant] asserts that there is no evidence that Skip Panera was an authorized agent of [Appellant's] predecessor in interest, Deutsche Bank. The Note to [Pennsylvania Rule of Civil Procedure No.] 403 states: 'The United States Postal Service [(USPS)] provides for restricted delivery mail, which can only be delivered to the addressee or his authorized agent.' *See also*: http://faq.usps.com/s/article/What-is-Restricted-Delivery.[] By definition of restricted delivery, it is found that an authorized agent of Deutsche Bank did sign for the notice of sale. As such, the [T]ax [S]ale was valid and lawful.[4]

---

person who signed was an agent of Deutsche Bank, and that fact was found by this [trial c]ourt on June 5, 2019 and is hereby re-affirmed.

R.R. at 115a-116a.

[4] The trial court expounded in its Rule 1925(a) Opinion:

Appellant fails to note this [trial c]ourt's citation to the Note to [Pennsylvania Rule of Civil Procedure No.] 403 which states that, by definition, **restricted delivery only permits delivery to the addressee or an authorized agent: 'The [USPS] provides for restricted delivery mail, which can only be delivered to the addressee or his authorized agent.' Because of this, circumstantial evidence exists to prove that 'Skip Pineda' was an authorized agent of the addressee, Deutsche Bank. This Court accepted that circumstantial evidence and found that Skip Pineda was an authorized agent**. Legibility is not required, only that whomever signed was an authorized agent.

There is a presumption of regularity in governmental affairs. This presumption has led to the presumption in other areas of law that, unless the contrary is shown, the person who signs for certified mail, restricted delivery, who is someone other than the addressee, is presumed to have been an authorized agent of the addressee. *See*[] [Pennsylvania Rule of Civil Procedure No.] 308(3), Rules of Civil Procedure, Magisterial District Judges. When promulgated, the Pennsylvania Supreme Court explained the change to subdivision (3) of [Pennsylvania Rule of Civil Procedure No.] 308 by stating that the change 'reflects changes in postal regulations effective March 1, 1975. The presumption in that subdivision stems from the presumption of regularity in the conduct of governmental affairs.' If the Supreme Court can take judicial notice of [USPS] regulations, then it is assumed that [the trial c]ourt may.

R.R. at 116a-117a (emphasis added).

4

R.R. at 28a n.1 (citation omitted). Appellant appealed to this Court.[5]

The Tax Bureau and Lyons argue that Appellant lacks standing because Appellant was not an owner of the Property at the time of the Tax Sale. Moreover, they contend that Appellant is not currently an owner, since Deutsche Bank's purported sale of the Property to Appellant occurred after the Tax Sale and, thus, was a legal nullity. According to the Tax Bureau and Lyons, because the Property had already been sold at the Tax Sale, Deutsche Bank had nothing to sell to Appellant. Accordingly, Appellant purchased nothing and cannot be aggrieved by the Tax Bureau's alleged failure to comply with the RETSL. Notwithstanding, Appellant contends that "[b]y virtue of the Quit Claim Deed, [it] owns the rights, title and interest of Deutsche Bank." Appellant Reply Br. at 1. In essence, it argues that it stands in Deutsche Bank's shoes and may challenge the Tax Sale.

This Court has explained:

'The traditional concept of standing focuses on the idea that a person who is not adversely impacted by the matter he seeks to challenge does not have standing to proceed with the court system's dispute resolution process.' *Pittsburgh Palisades Park, LLC v. Commonwealth*, . . . 888 A.2d 655, 659 ([Pa.] 2005) (citing *William Penn Parking Garage v. City of Pittsburgh*, . . . 346 A.2d 269, 280-81 ([Pa.] 1975) (plurality)). In other words, a person must be aggrieved or have a legally sufficient interest in a matter to have standing. As stated by our Supreme Court:

[A]n individual can demonstrate that he is aggrieved if he can establish that he has a substantial, direct, and immediate interest in the outcome of the litigation in order to be deemed to have standing. An interest is 'substantial' if it is an interest in the resolution

---

[5] "In tax sale cases, this Court's review is limited to determining whether the common pleas court abused its discretion, clearly erred as a matter of law, or rendered a decision with a lack of supporting evidence." *FS Partners v. York Cty. Tax Claim Bureau*, 132 A.3d 577, 580 n.2 (Pa. Cmwlth. 2016).

of the challenge which 'surpasses the common interest of all citizens in procuring obedience to the law.' Likewise, a 'direct' interest mandates a showing that the matter complained of 'caused harm to the party's interest,' i.e., a causal connection between the harm and the violation of law. Finally, an interest is 'immediate' if the causal connection is not remote or speculative.

*Id. . . .* , 888 A.2d at 660 (citations omitted). *Shipley v. Tax Claim Bureau of Del. Cty.*, 74 A.3d 1101, 1105 (Pa. Cmwlth. 2013). "Whether [an individual] ha[s] standing, as an equitable owner, to file [a petition to set aside a tax sale] pursuant to Section 607 of the [RETSL] is a question separate from whether [the individual is] entitled to notice." *Id.*

Section 607(b) of the RETSL provides, in relevant part, that "objections or exceptions [to a tax sale] may be filed by any owner or lien creditor . . . ." 72 P.S. § 5860.607(b). Section 102 of the RETSL defines "owner" as

the person in whose name the property is last registered, if registered according to law, or, if not registered according to law, the person whose name last appears as an owner of record on any deed or instrument of conveyance recorded in the county office designated for recording and in all other cases means any person in open, peaceable and notorious possession of the property, as apparent owner or owners thereof, or the reputed owner or owners thereof, in the neighborhood of such property; as to property having been turned over to the bureau under Article VII [(relating to property purchased by taxing districts prior to the RETSL)] by any county, 'owner' shall mean the county.

72 P.S. § 5860.102. This Court has recognized that "[t]he legislature designated [in the RETSL] that **only** owners or lien creditors may file objections or exceptions to the return of the [tax bureau] and confirmation nisi by the trial court of the tax sale."[6]

---

[6] In *Shipley,* this Court held that "owner" for purposes of standing under Section 607(b) of RETSL includes one who is an equitable owner at the time of the tax sale. *See also Husak v. Fayette Cty. Tax Claim Bureau*, 61 A.3d 302 (Pa. Cmwlth. 2013).

6

*Appeal of Yardley*, 646 A.2d 751, 755 (Pa. Cmwlth. 1994) (emphasis added). Thus, **"one who is neither an 'owner' nor a lienholder [on the date of the tax sale] cannot complain of noncompliance with the notice provisions**." *Petition of Crouthamel*, 412 A.2d 645, 647 (Pa. Cmwlth. 1980) (emphasis added).

In *Crouthamel*, the appellant tax buyer appealed from a common pleas court's decision that granted Crouthamel's petition, as purported owner, to set aside a 1964 tax sale. On December 8, 1941, two tracts of land were sold to the Montgomery County commissioners by the county treasurer for unpaid taxes. On May 26, 1964, the tax claim bureau sold the lots to A.O. Breinig, agent for Grace Building Company, Inc. The sale was confirmed by the county common pleas court on September 22, 1964 and the deeds were recorded. On October 14, 1964, Crouthamel purported to purchase one of the lots from an individual named Anna L. Thomas, and recorded the deed the next day. Crouthamel also purported to have previously purchased the other lot on July 29, 1946, from a John C. Miller, duly appointed liquidating trustee of Hatboro Trust Company. Crouthamel recorded that deed on March 14, 1952. The trial court concluded that the tax claims bureau had failed to comply with the RETSL's notice provisions and held the sale invalid for lack of notice to Crouthamel. On appeal, this Court reversed the trial court's decision, stating:

> Section 102 of the Act . . . provides that in cases where property has been turned over by the county to the [tax claim b]ureau, which is the case here, '*'owner' shall mean the county.*' (Emphasis added.) Nowhere in the pleadings or testimony is the validity of the tax sale of 1941 contested. Therefore, on May 26, 1964, **the date of the sale in question here, the county, not Crouthamel, was the owner entitled to the various notices required by Section 602 [of the RETSL]**. The required notice is not for the benefit of the public generally. Therefore, **one who is neither an 'owner' nor a lienholder cannot complain of noncompliance with the notice provisions**. The notice

7

provisions of the [RETSL] are for the purpose of preventing owners from being deprived of their property without due process of law, and to protect the interests of lienholders. Since Crouthamel is neither an owner nor a lienholder, the alleged failure of the [t]ax [c]laim [b]ureau to give notice to her does not invalidate the sale.

*Petition of Crouthamel*, 412 A.2d at 647 (citation omitted; emphasis added).

Here, Appellant was not an owner as defined by the RETSL on the date of the Tax Sale. In fact, Appellant does not argue that it did not receive notice, but rather, that Deutsche Bank did not. Because "[t]he legislature designated [in the RETSL] that only owners . . . may file objections or exceptions to the return of the [tax bureau] and confirmation nisi by the trial court of the tax sale[,]" *Appeal of Yardley*, 646 A.2d at 755, Appellant has no basis to maintain it did not receive notice. Thus, this Court concludes that Appellant did not have standing to object to the Tax Sale.[7]

For all of the above reasons, the trial court's order is affirmed.[8]

_____
ANNE E. COVEY, Judge

---

[7] The dismissal of Appellant's appeal does not leave Appellant without remedy. Appellant is free to pursue an action against Deutsche Bank for return of the Property's purchase price.

[8] The trial court based its dismissal of Appellant's Amended Petition on its conclusion that the Tax Bureau met the RETSL's notice requirements. This Court need not reach that issue, and affirms based on Appellant's lack of standing. *See Dep't of Pub. Welfare Cent. Region v. Dauphin Cty. Soc. Servs. for Children & Youth*, 495 A.2d 214, 216 (Pa. Cmwlth. 1985) ("A reviewing court may affirm an order if it is correct for any reason, regardless of the reasons given by the tribunal whose order is under review.").

8

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

CR 2018 LLC, Grantee of Deutsche : 
Bank National Trust Co., :
            Appellant :
          :
      v. :
          :
Columbia County Tax Claim Bureau :   No. 844 C.D. 2019
and Edward P. Lyons :

## O R D E R

AND NOW, this 22nd day of April, 2020, the Court of Common Pleas of the 26th Judicial District, Columbia County Branch's June 5, 2019 order is affirmed.

_____
ANNE E. COVEY, Judge